*258
 
 Nash, C. J.
 

 At the session of the General Assembly in the year 1851, an Act was passed to divide the County of Surry, “provided a majority of free white men, entitled to vote for members of the House of Commons, shall vote for the same.” By the same Act the defendants were appointed commissioners “ to select and determine upon a site for a permanent seat of justice for Surry County, who shall locate the same as near the cen-tre of said County as a suitable location can be obtained, taking' into consideration both the extent of territory and population.” The commissioners, in their return, state that they have performed their duty with a strict and conscientious regard to the requirements of the act. These commissioners are the servants of the General Assembly to perform the acts required of them ; in their ability and fidelity the Legislature
 
 confided;
 
 and to their discretion the business was entrusted. With the exercise of that discretion we cannot interfere, as they in their return state their compliance substantially with the act. If the Court were to issue its mandamus, what would it command ? That the commissioners should proceed to select a site for the County town, observing the requirements of the Act. We could not tell them whether the proper site is to the east or west of the centre line designated in the petition ; or whether, if on the one side or the other, it would be the proper place, regard being had to the population of the County. To do so, would be assuming an authority not given to us, but to the defendants, tire commissioners. We could make no other
 
 fiat
 
 than the one already set forth. What other return then, could the defendants make than the one they have made, if it be the truth? Another
 
 mándennos
 
 might be issued, to which the same return might be
 
 made;
 
 and in this way the matter might be bandied about from term to term, to the great injury and disturbance of the citizens of the County. If the defendants had neglected or refused to execute the power entrusted to them, we certainly might call upon them to show cause why they had .been so negligent; and, upon an insufficient return, might have issued a peremptory
 
 mandmnus.
 
 Here, all we could do would be to command them to select the site for the permanent seat of justice for the County, according to the law: which, under their oaths, they say they have done.
 

 
 *259
 
 It has been suggested, that the proceedings might be sustained as an information in the nature of a
 
 quo warranto.
 
 To this the answer is, that the information filed charges, that the Statute, under which the defendants are required to act, is unconstitutional. If so, the power conferred upon them is void. It was said that the Statute was void, because it submitted to the people of the County of Surry, to say whether it should become a law — thereby enabling a very small portion of the citizens of the State to establish a public law, binding, if at all, upon the whole State ; and because it alters-the fundamental principles of the government, by converting it from a representative republican government, as established by the constitution, into a pure democracy— calling.on the people to do that which the people themselves had said by the constitution, which was their act, they would not do. At a subsequent session of the Legislature, an Act was passed ratifying and confirming what had been done under the original act.
 
 *
 
 It is not now therefore necessary for us to pronounce any opinion upon the constitutional question. But while we decline expressing such opinion, as being unnecessary to the decision of the case, we have no hesitation in saying, that it is only whilst the several departments of the government confine their action within the limits assigned them in the constitution, and fearlessly and firmly exercise the power there given them on all fit occasions, that our pure and noble constitution can secure to us the blessings of peace, harmony and prosperity. The officers of each department are sworn to support the constitution of the State and are, therefore, on all proper occasions^ as much bound to execute the power by it conferred upon them, as they are, not to assume authority by it not conferred.
 

 His Honor below dismissed the petition at the costs of the re-lators. We concur with him in his judgment, dismissing the proceedings 5 but not as to the costs. The judgment below, dismissing the proceeding, is affirmed, but each party is to pay his own costs. This is clearly settled by the case of
 
 State
 
 v.
 
 King,
 
 1 Ire. 22 — the matter in dispute being of a public nature, and the relat-
 
 *260
 
 ors having no particular or private interest in the controversy, apart from the rest of the citizens of Surry County.
 

 Per Curiam. Judgment affirmed, but without costs.
 

 *
 

 See Acts of 1852, eh. 22, page of pamphlet Laws 71.