State on Relation of J. H. BLOUNT, Solicitor, v. W. S. SIMMONS, et als. Commissioner of Pamlico County.

*Action by State to Vacate Entry of Oyster Beds—Liability of State for Costs of Action—Costs—Fee Bill— Taxing Costs—Appeal.*

1. Under Section 536 of *The Code* the State is liable for the costs of an action instituted by the State Solicitor under the provisions of Section 4, Ch. 287, Acts of 1893, requiring him, as Solicitor, to bring an action to vacate an oyster bed entry upon the filing with him of an affidavit of five inhabitants of a county alleging that such entry is a fraud upon the State. In such case, *it seems* that the persons making the affidavit might be held liable as relators if it should appear that the action was for their benefit and at their instance.

2. The fee taxable for "appeal and docketing in Supreme Court" is two dollars only.

3. An action by the State to vacate an oyster bed entry being a civil action, a fee of one dollar for entry of judgment in term time is taxable against the State as the losing party.

4. Where, in an unsuccessful action by the State to vacate an oyster bed entry, a judgment was rendered against the county for costs, but set aside on appeal, and subsequently the judgment was properly rendered against the State for costs, it was error to charge the State with the fees for the entry of the first judgment, and "appeal and docketing in Supreme Court" on the appeal by the county.

5. Costs are not allowed for docketing, filing and indexing a judgment against the State or county, since no lien can be acquired by such docketing.

6. The fee of twenty-five cents for motion for judgment can only be taxed when the motion is a motion in the cause, in writing, and required to be recorded.

7. An appeal lies to this Court from the erroneous taxation of items in bills of costs in the Superior Court.

PETITION by the State for a rehearing and reversal of the case decided at September Term, 1896, and reported in 119 N. C., page 50.

*Zeb V. Walser, Attorney General,* and *Mr. W. A. Guthrie,* for the State.

*Messrs. Simmons & Ward* and *Allen & Dortch, contra.*

FAIRCLOTH, C. J.: This case was decided at last term, when it was held that the State was liable for the costs of the action, upon non-suit being taken in the Superior Court, and this is a petition to rehear. The decision was based upon the Code, Sec. 536. It is now urged that Code, Sec. 537, controls the case, and that the State is not liable.

At common law the king neither paid nor received costs, as the former was his prerogative, and the latter was beneath his dignity, and the general statutes giving costs did not include the Sovereign. The same principle has been applied in this country and in this State, so that the State is only liable in the event of express statutory provisions, which are now quite general in the different States. In the absence of express statute the relator, in an action in the name of the State when the matter was of a public nature, and he had no more interest in the controversy than other citizens, was not liable for the costs of the defendant when a non-suit was entered. *Hill* v. *Bonner*, 44 N. C., 257. There are instances in which the State allows its citizens to use its name to enforce *private* rights, for example, *quo warranto* (Code, Ch. 10, Sec. 603, *et seq.*), but the relator is required by security to indemnify the State against all costs and expenses. There is no such requirement in the act of 1893, Ch. 287, Sec. 4, but it expressly makes the State Solicitor the relator.

In the argument it was properly conceded that the party for whose "benefit" the action was instituted was chargeable with the costs. The Act of 1893, Ch. 287, Sec. 4, made it the imperative duty of the State Solicitor to institute this action, as soon as an affidavit of five inhabitants was filed with him, alleging that certain licenses, including *natural* oyster beds, were frauds upon the public property of the State.

It was suggested by plaintiff's counsel that these five inhabitants were really the relators, and liable for the costs, and that the State was not liable according to said section, 537. We could probably agree to that proposition if we could see that the action was at the instance of these men and for their benefit. It does not appear that they were promoters of the Act of 1893, Ch 287, or that they advised or encouraged the suit, nor how the success of the suit would have enured to their benefit more than to any other citizen of the State, for in that event the recovered natural oyster beds would at once have become the State's public property. Section 537 of the Code provides for the enforcement of private or corporation rights in the name of the State, at the expense and cost of the relator, and in Section 536 the Sovereign assumes the costs of such civil actions as it may deem proper to prosecute, and in the Act of 1893 selects its own relator.

We are called upon to determine the legality of the several items of costs charged by the clerk in this case. We do so, and call the attention of the courts to this matter.

The items of cost, taxed by the clerks of the Superior Court, have rarely been before this court, and hence the fee bill (the Code, Sec. 3739, amended by Acts, 1885, Ch. 199), has been construed by the different clerks in the State, each according to his own judgment, and doubtless in many instances illegally and to the great wrong of suitors. The items of the present bill present some of these errors for correction. "Appeal and docketing in Supreme Court," taxed at $3 each, should be $2, and the State is only taxable with the last appeal, the first having been decided against the defendants. The entry of "two judgments in term time $2," would be illegal if this were a criminal action, since the $1 is only allowed by statute for "judgment" when the judgment is against the defendant, but the charge

is valid in this instance, as this is a civil action, though the State is plaintiff. But on the first appeal the judgment was held to have been erroneously entered against the County of Pamlico, and was set aside, and the State can-not be taxed with that $1, nor, as above said, with the "appeal and docketing" in that appeal—only for the last judgment and last appeal. The charge of 45c. for docket-ing, filing and indexing judgment is also disallowed. The statute does not contemplate that bills of cost, devolved upon the State or County by a *nol. pros.* or even a verdict of not guilty, or even in a civil action, shall be docketed, since no lien can be acquired by such docketing. An ob-servance of this will save many thousands of dollars which are improperly taxed against the County in cases where the prosecution fails. The charge, "motion for judgment 25c.," is often made by clerks, but is illegal. The "motion" for which "25c." is allowable is a motion in the cause made in writing and requiring to be recorded, and not the mere verbal application for a judgment. Nor is there any "notice" in the papers justifying the charge of 25 cents, and we can not see the necessity of any, unless the clerk ingeniously thought to charge for "notice of a motion for judgment." Correcting the bill as above, the $13.15 sent up should properly be $6.95. The overcharges and abuses in making out bills of cost have become, and justly, a mat-ter of public complaint. Yet there is this excuse, that bills of costs having rarely been before the courts, clerks, no matter how conscientious, have had no authoritative con-struction to follow. Hence, there has been very little uni-formity, each clerk being, like the Gentiles of old, "a law unto himself."

It has been a mistaken conception that an appeal does not lie to this court to correct erroneous taxation of items in bills of costs. Parties have a right to have such orders

reviewed here on appeal, and in that manner only can uniformity be maintained. The court has often held that when the subject matter of an action has been destroyed by accident, compromise or otherwise, the court will not try such cases on the merits, merely to determine which side should pay the costs. *State* v. *Horne*, 119 N. C., 853. This is what is meant by the ruling that the court will not hear an appeal involving only a matter of costs. The court never meant to hold that a litigant could be taxed with items of costs, not allowed by law, and be without the remedy of an appeal to redress his wrongs. But for Chapter 199, Acts 1885, which evidently was prepared in the interests of large fee bills and which has nothing of merit to recommend it, this and all other bills of costs might be pruned of many items charged without corresponding service rendered. With this addition the judgment is affirmed.                    Affirmed.