Defendants — Sheriffs — Mileage Intent of Legislature in enacting 28 O.S. 39.1 [28-39.1] — 28 O.S. 39.4 [28-39.4] (1969), was to simplify records keeping for fees and costs related to process serving in court cases. Sheriffs no longer required to report fees or mileage on "return" of process, but report mileage only on claims against county general fund. Court clerks do not tax sheriff's mileage as additional costs. Defendants in criminal cases therefore are not required to pay or serve out mileage costs in addition to flat fee cost. The Attorney General has had under consideration your request for an interpretation of certain parts of Senate Bill No. 32, 32nd Legislature, First (1969) Session, now codified as 28 O.S. 39.1 [28-39.1] — 28 O.S. 39.4 [28-39.4] (1969), relating to sheriffs' fees and mileage. You ask: "1. Should the sheriff set out an amount for the mileage he travels in making an arrest, in addition to the $7.00 flat fee? "2. Should the Court Clerk tax mileage in addition to the flat fee, as part of the costs? Is a defendant required to either pay or serve out the amount charged for mileage in addition to the $7.00 flat fee?" Said S.B. No. 32 was signed into law on April 21, 1969, and was effective on July 1. 1969. It is the latest expression of the Legislature on the subject of fees for service of process. It expressly repeals a prior statute on sheriff's fees, to-wit: 28 O.S. 39 [28-39] (1961) but does not repeal general statutes relating to so-called "flat ' fees for costs in court cases, except by implication to a very limited extent more totally discussed hereinafter. The pertinent sections of S.B. No. 32 provide: "Section 39. The court clerk shall, in all cases, charge and collect from the litigants the following sheriffs fees, and none other, for serving or endeavoring to serve any writs, warrants, orders, process, commands or notices, or in pursuing daily fugitives from justice: Civil .................................. $5.00 Criminal ........................................ $7.00 "Section 39.2 The fees herein provided shall not be charged or collected in cases where no service of any nature is required or requested. or where service is made by registered mail, certified mail or publication only. and shall be paid to the court clerk by the party requesting that process issue at the time process if first requested, and shall be charged and collected one time only in each case. Section 39.3 The fees herein provided shall be paid into the: general fund of the county in which service is first served or attempted. In the event service is requested in more than one county, an additional fee of Four Dollars ($4.00) shall be charged the litigant requesting the same and paid into the general fund of each additional county where such service is requested. In all applications filed with the district court clerk where posting of notices is required by statute, the district court clerk shall cause said notice to be posted. A fee of Two Dollars ($2.00) plus ten cents ($0.10) per mile shall be charged as cost for said posting, to be taxed in said application and said fee to be paid the person performing said service. "Section 39.4 The sheriff or any deputy shall receive from the general fund of his county ten cents ($0.10) for each mile actually and necessarily traveled in his county in serving or endeavoring to serve any writ. warrant. order. process. command or notice, or in pursuing any fugitive from justice." We think it is clear from the plain language of these statutes that although the $5.00 for civil cases and the $7.00 for criminal cases are referred to as "sheriff's fees, they are not thereby meant to become fees belonging to the sheriff. This fee is to be collected by the court clerk and deposited in the county general fund. The only provision for payment of any fee or reimbursement for expenses for serving process to the sheriff is that found in Section 39.4, supra, and plainly states that mileage at the rate of 10 cents per mile will be paid from the county general fund. We are aware and take note that it has been the practice in the past for sheriffs regularly to make and include as a part of their "return" on any process a statement of fees and mileage. The schedule of fees in repealed Section 39, for example, authorized a fee of 50 cents for the first person and 25 cents each for every person thereafter served with process. The noting of the number of persons served was a regular part of the sheriff's return. We are of the opinion that it was the obvious intent of the Legislature in passing S.B. No. 32 to simplify the bookkeeping associated with court cases and to do away with the need for such detailed returns by sheriffs and the resulting transcribing, entering, etc., of such details by the court clerks. Sections 39.1-39.4, supra, very simply now provide that the court clerk shall charge and collect the one-time fee (of $5.00 or $7.00 respectively) for process serving. This is the full fee and the only fee for process serving to be charged to the litigant. The process server, to-wit: the sheriff (and/or deputies), collects no fees or expenses directly from the litigants, but claims his mileage from the county general fund, whether the flat fee was sufficient to cover his mileage or not. The foregoing considered, and in answer to your first question, we conclude that there is no longer any requirement for the sheriff to note any fees or mileage on his return to a process. He will need to report his mileage traveled in connection with his claim for reimbursement from the county general fund however, and in this connection, we suggest that a copy of the process served with the mileage only noted on it, would be an appropriate supporting document to be filed with his claim. The answer to your second question also is apparent now from our foregoing discussion. That is to say, the flat fee is the only "cost" in the case to the litigants and the sheriff's mileage should not be added to such costs. Our conclusion as to your second question also applies to your third question. That is, since the sheriff's mileage is not costs in the case a defendant can not be required to pay or serve out same in addition to the flat fee. Although we have answered your three question, basing our answers upon our interpretation of the language of Sections 39.1-39.4, we feel that this opinion might be subject to some misapplication if we did not now further discuss said Sections 39.1-39.4 vis-a-vis certain other valid and existing related statutes. We first note that your inquiry was concerned only with criminal cases. Sections 39.1-39.4, supra, relate to both criminal and civil cases and our answers to your first two questions are as applicable to civil cases as they are to criminal cases. In this connection though we further note that the flat fees for process serving are to be collected by the clerk from the litigants. In criminal cases one of the litigants is, of course, always the State. And in the absence of such express statutory provision the State is not liable for such fees or costs. 20 C.JS. Costs Section 442. See also Greer County v. Watson, 7 Okl. 174,54 P. 441 (1898). We would also call attention to 28 O.S. 54 [28-54] (1969), and 28 O.S. 153 [28-153] (1969). These are general statutes on "flat" fees or costs. Both of these statutes were originally adopted in 1968, with the latter immaterially amended in 1969. Section 54 relates to flat fees or costs to be charged in the event the defendant in a criminal case is convicted of a misdemeanor, and makes reference to additional charges for a sheriff's mileage and fees. We are of the opinion that to the extent these provisions of Section 54 are in conflict with the provisions of Sections 39.1-39.4 the provisions of the latter sections, being the more recent expression of legislative intent, will control. Section 153 relates to a flat fee or costs to be charged in the event the defendant is convicted of a felony. While it makes no reference to any additional sheriff's mileage or fees, it does contain a provision not found in Section 54, to-wit: ". . . Prior to conviction, parties in criminal cases shall not be required to pay, advance or post security for the issuance or service of process to obtain compulsory attendance of witnesses." We are of the opinion that this quoted language is applicable to both felony and misdemeanor cases and must be given effect despite any contrary intent inferable from Sections 39.1-39.4. Article II, Section 20 Constitution of Oklahoma, provides that in a criminal prosecution the accused has a right to compulsory process to obtain witnesses in his behalf, and we are of the opinion that the quoted language is an expression of this constitutional right and as such is not superseded or repealed by implication even though Sections 39.1-39.4 are later expressions of, the Legislature. There apparently is some conflict between the provisions of 39.1-39.4, supra, and 19 O.S. 515.1 [19-515.1] (1961), relating to service in other counties, but we do not express any opinion herein as to how these conflicts are to be resolved. Certain other specific provisions for fees and mileage of sheriffs, such as 19 O.S. 524 [19-524] (1969), and 19 O.S. 525 [19-525] (1969), apparently are not in conflict with Sections 39.1-39.4, supra, and do not require an opinion. (Hugh H. Collum)