R. E. HELLER v. THE BOARD OF COMMISSIONERS OF SHAWNEE COUNTY.

1. CLERKS OF DISTRICT COURTS, *Fees of.* Clerks of district courts are entitled to receive from their respective counties for their services in furnishing certified statements of the attendance and mileage of jurors and witnesses of the district courts to the county boards of such counties, the statutory fee of five cents for each name. (Comp. Laws 1879, ch. 39, §§ 2, 21.).

2. CERTAIN SERVICES, *Counties not Liable for.* Counties are not liable for the services of such officers for their entries on their journals of the orders of the district courts in opening and closing their daily sessions. Such services, and others of like kind, in the absence of any statutory regulation for their payment, may be regarded as incident to their official positions.

*Error from Shawnee District Court.*

AT the January Term, 1879, of the district court, in an action wherein *Heller* was plaintiff and the *Board of Comm'rs of Shawnee Co.* was defendant, the said board had judgment against the plaintiff. *Heller* brings the case here.

*R. E. Heller,* plaintiff in error, for himself.

*A. H. Vance,* county attorney, for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff in the court below, plaintiff in error in this court, brought an action against the defendant in error in the district court of Shawnee county, for services rendered by him as clerk of the district court of said county. The defendant demurred to the petition of the plaintiff, and the demurrer being sustained by the court below, the plaintiff excepted, and brings the case here.

The question submitted for our determination is, whether the county of Shawnee is liable for the services rendered. The services alleged are, for the entries on the journal of the court of orders opening and adjourning court, excusing, discharging and swearing jurors, electing a judge *pro tem.*, and

furnishing to the board of county commissioners a certified statement of the attendance and mileage of jurors at the August term of court for 1878. With the exception of the last item, the district court rightfully held the county not liable for the services. Certainly, there is no specific provision in the statute fixing the liability for any fees for entering the orders of opening and closing court, and the other like services described in the petition. These services cannot be paid out of the county treasury, unless statutory warrant can be found for so doing. As this warrant is wanting, the county cannot be held. As to the plaintiff and others in his position, such services may perhaps be regarded as incident to their official position. They took and held office *cum onere.* One of these burdens is the performance of certain services gratuitously, where the statute fails to make any provision for payment. We are inclined to think that the item of $1.10 charged for the certified statement of the attendance and mileage of jurors a valid claim.

Sec. 21, ch. 39, p. 446, Comp. Laws 1879, provides that "within ten days after the close of each term of a court of record, the clerk thereof shall return to the board of county commissioners a statement of the attendance of jurors at such term and their mileage as taken by him, together with a statement of the attendance and mileage of witnesses in all criminal cases claimed and for which the county is liable." Sec. 2 of said chapter makes provision for the payment of such service, in the following words: "Certifying fees of jurors and witnesses to county board, each name, five cents."

Sec. 21 requires the statement to be furnished to the county board. Sec. 2 provides the fee therefor; and the fair intendment from these provisions of the statute is, that the fees are to be paid by the party to whom the statement is furnished. This being the county, therefore the county is liable for the service.

The judgment of the district court will be reversed, and the case remanded with direction to overrule the demurrer and enter judgment for the plaintiff for $1.10.

All the Justices concurring.