SAMUEL H. TALBOT, JR. *vs* INHABITANTS OF EAST MACHIAS.

Washington. Opinion October 15, 1884.

*School agents, not entitled to pay for services.*

A school agent's mere election and performance of official duties, raise no implied promise on the part of the town to pay him for such services.

In the absence of any implied contract or statutory provision entitling him to pay for official duties rendered, a school agent can maintain no action therefor against his town.

ON MOTION to set aside the verdict.

Assumpsit for services rendered as village school agent, for the years 1880 and 1881, fifty dollars. The writ was dated July 10, 1882. The plea was the general issue. The verdict was for the plaintiff in the sum of thirty-seven dollars and eighty cents, and the defendants moved to set aside the verdict.

*John F. Lynch,* for the plaintiff.

*J. C. Talbot,* for the defendants.

VIRGIN, J. The legislature has imposed upon towns the general duty and responsibility of supporting schools within their respective limits, with such aid as the state shall afford. *Dore* v. *Billings,* 26 Maine, 56; R. S., c. 11. To this end they are required to raise money (§ 6), are authorized to divide their territory into districts (§ 1), or abolish them (§ 3), and choose school agents (§ 4). Such agents are public officers whose official powers and duties are expressly prescribed by the statute. R. S., c. 11, §§ 93, 95. Their mere election and performance of official duties, raise no implied promise on the part of the district or of the town to pay them for their services. *Walker* v. *Cook,* 129 Mass. 578, and cases there cited; *Holland* v. *Lewiston F. Bank,* 52 Maine, 564; *Sawyer* v. *Pawner's Bank,* 6 Allen, 207; *Hall* v. *Verm. & M. R. R. Co.* 28 Vt. 401.

Assessors of towns are expressly entitled to pay, by the statute. R. S., c. 6; § 102. But there is no like provision concerning school agents. And in the absence of any implied contract, or any statute provision entitling them to pay for official services rendered, no action can be maintained to recover therefor.

*Motion sustained. New trial granted.*

PETERS, C. J., DANFORTH, EMERY, FOSTER and HASKELL, JJ., concurred.