## BOARD OF COUNTY COMMISSIONERS OF GREER COUNTY v. JESSE A. WATSON.

(Filed July 30, 1898.)

1. COUNTIES—*Liabilities of.* A county is an involuntary political and civil division of the Territory, created by statute to aid in the administraton of governmental affairs, and possessed of a portion of the sovereignty. All the powers with which it is intrusted are the powers of the sovereignty which created it, and all the duties with which it is charged are the duties of the sovereignty. It is on y liable for such obligations as the legislature has imposed, or authorized it to create, or such as are necessarily incident to the objects of its creation.

2. COSTS—*County Liable for, When.* Costs are unknown to the common

law, and the sovereignty neither took nor paid costs, and the Territory or a county is only liable for costs when such liability is expressly created by statute.

3. CRIMINAL CASES—*Witness Fees.* A county is not a party to a criminal prosecution, and is not liable for fees of witnesses attending before the grand jury or a court in a criminal case, in the absence of a statute imposing such liability.

4. WITNESS—*Before Grand Jury—Fees.* There is no law in this Territory making a county liable for the fees of witnesses required to attend before the grand jury, or in criminal causes in any of the courts.

5. SAME. The policy or wisdom of a law requiring witnesses to appear and testify in criminal matters without compensation are questions for the consideration of the legislative department, and not for the courts.

(Syllabus by the Court.)

*Error from the District Court of Greer County; before J. R. Keaton, District Judge.*

*J. F. Mathews,* for plaintiff in error.

*Garrett & Thacker,* for defendant in error.

Action by Jesse A. Watson against the board of county commissioners of Greer county. Judgment for plaintiff. Defendant brings error. Reversed.

Opinion of the court by

BURFORD, C. J.: The only question involved in this case is whether or not a county is liable for fees of witnesses before the grand jury and in criminal prosecutions in the district court. The defendant in error filed his account with the board of commissioners in Greer county, claiming the sum of $329.70 due him on certificates issued by the clerk of the district court to divers persons for per diem and mileage as witnesses in attendance before the grand jury and in criminal causes in said court, and which certificates he was the owner of by

purchase and assignment. Of this total sum $262.30 was for fees of witnesses in criminal cases in the district court, and $67.40 for fees of witnesses before the grand jury. The board of county commissioners disallowed the claim on the ground that the county was not liable for such fees. From this order of disallowance the claim-ant appealed to the district court of Greer county, and on the hearing of the cause the district court gave judg-ment in favor of the claimant and against the county for the entire sum, and directed the board of commis-sioners, at its next session, to draw two warrants in favor of Watson, the claimant, on the court expense fund, one for $262.30 and one for $67.40, and for costs of suit. From this judgment the county appeals.

In order to an intelligent determination of the ques-tion here presented, it is well to keep in view some of the long and well settled rules of law and practice, as well as the civil and political status of counties. Under our form of government, sovereignty rests in the people; and in the territories the sovereign power is delegated to the national government, and to such subordinate governmen-tal agencies and divisions as congress may create or authorize. A county is but a subordinate political sub-division of sovereignty, created for governmental pur-poses, and for greater convenience in carrying on the pub-lic affairs, and is no more liable than a state would be, unless made so by statute. (*Board v. Daily*, 132 Ind. 73. 31 N. E. 531.)

At common law the king neither paid nor received costs, as the former was his prerogative and the latter was beneath his dignity, and the general statute giving costs did not include the sovereign. The same principle has been applied in this country; so that the state or

county is only liable in the event of an express statute creating such liability. (*Board v. Lee*, [Colo. App.] 32 Pac. 841; *Board v. Wilson* [Colo. App.] 34 Pac. 265; *Blount v. Simmons*, 120 N. C. 19, 26 S. E. 649; *Guilford v. Commissioners*, 120 N. C. 23, 27 S. E. 94.)

The duty of providing compensation for witnesses does not devolve on the counties. They are not the proper institutions to provide for such compensation. This duty belongs to the legislature, and if it has failed in the performance thereof it does not follow that the county must pay for such services. (*Morin v. Multnomah Co.*, 18 Or. 163, 22 Pac. 490.)

Neither the state nor any county is liable for fees in any criminal prosecution, in the absence of an express statute on the subject. (*Rowley v. Board*, 2 Blackf. 355; *Heller v. Board*, 23 Kan. 128; *Board v. Lee* [Colo. App.] 32 Pac. 841; *State v. Campbell*, 19 Kan. 481.)

A witness cannot be paid out of the county treasury unless so directed by the legislature. (*Williams v. County of Northumberland*, 110 Pa. St. 48, 20 Atl. 405.)

In discussing the constitutional provisions of the state of Indiana providing that no man's particular services shall be required without just compensation, the supreme court of that state said: "It is as much the duty and interest of every citizen to aid in prosecuting a crime as it is to aid in subduing any domestic or foreign enemy; and it is equally the interest of every citizen to aid in furnishing to all, high and low, rich and poor, every facility for a fair and impartial trial when accused for none are exempt from liability to accusation and trial. These are matters of general interest and public concern, are vital, indeed, to the very existence of free government, and render the services of witnesses on such

occasions matters of general and public interest, and not particular, as in the sense of the constitution." (*Israel v. State*, 8 Ind. 467.)

And this language was expressly approved in *Daly v. Multnomah Co.*, 14 Or. 20, 12 Pac. 11. A county is a mere creation of statute. Neither it nor its officers have inherent authority. It can only do those acts which the legislature has prescribed, and it is only liable for such obligations as the law has specifically imposed, or authorized it to create. In this Territory a county is in no sense a party to a criminal prosecution. It is not primarily liable for any costs in such cases. All criminal causes are brought in the name of the Territory. The Territory is the plaintiff, and the accused the defendant. In case of conviction, all costs are taxed to the defendant. The plaintiff, being the sovereign, pays no costs. The rule has been adopted in most of the states of requiring the county within which a crime is committed to pay at least a portion of the costs of the prosecution, and the rule generally prevails of requiring such county to pay the fees of the witnesses for the state; but these changes have been brought about by legislative enactment. A few of the states still adhere to the old rule of requiring witnesses to appear and give testimony in criminal cases without compensation.

The question of the policy or wisdom of either practice is one for the legislative department and not the judicial. Courts must interpret and apply the laws as they find them, and cannot add to or improve them, although they may work hardship or injustice in individual cases. It is clear that Greer county was not liable for the witness fees in controversy in this cause, unless there is some statute of the Territory imposing this

obligation. Have we such a statute? We may properly look to the history of legislation on this subject, and to repealed and past laws to determine what the law now is. Our first legislature passed an act which took ·effect December 25, 1890, (Statutes 1890, ch. 36,) wherein they prescribed a fee of $1.50 per day for witnesses attending before any court, judge, or commissioner. Section 33 of this act contained this provision: "In all cases where the fees prescribed by this act, in criminal cases, for the sheriff, probate judge, clerk, constables, justices of the peace, witnesses for the Territory and jurors, are not paid by the defendant or prosecuting witness, they shall be paid by the county in which the criminal prosecution was instituted." Here was an express statute making the county in which a criminal prosecution was instituted liable for fees of witnesses for the Territory in such cases in the event such fees were not paid by the defendant or prosecuting witness, but it will be observed that no provision was made for paying the fees of witnesses, for the defendant in a criminal cause. This act also contained sections 34 and 35, which are as follows:

"SECTION 34: The clerk of the district court shall keep a record of the attendance of jurors at each term, and of the attendance and fees of witnesses, when claimed during the term.

"SECTION 35: Within ten days after the close of each term of a court of record, the clerk thereof shall. return to the board of county commissioners a statement of the attendance of the jurors at such term, and their mileage as taken by him, together with a statement of the attendance and mileage of witnesses in all criminal cases claimed, and for which the county is liable."

These sections were carried forward, without change,

into the Statutes of 1893.   The legislature of 1895, by an act approved March 8, 1895, repealed the fee and salary law of 1890, and enacted a new statute covering the entire subject-matter of fees and salaries for officers, jurors, and witnesses.   Section 48 of that act contains this provision:    "Provided, that in no case shall the county pay any fees to any of the above named officers for services rendered in any case where the offense charged is less than a felony.   In no case shall the county be liable for the fees or mileage of any witness in any criminal case or proceeding.   Provided, that the district court may make an allowance for the actual and necessary expenditure incurred under the order of the court of any witness subpoenaed on the part of the Territory in any criminal case, who satisfies the court, upon an examination under oath in open court, that he is unable, on account of his poverty to pay his actual expenses while in attendance in said court as such witness."   Here is not only a repeal of the law requiring counties to pay fees of witnesses for the Territory in criminal cases, but an express declaration that the county shall in no event be liable for such fees.   Sections 49 and 50 of this act are identical with sections 34 and 35 of the act of 1890, and with 33 and 34 of the Statutes of 1893.   This entire act was repealed by an act approved March 12, 1897, which is the law now in force, and under which the defendant in error claims that he is entitled to judgment against' the county.   Section 47, ch. 15, Session Laws 1897, provides:   "Witnesses shall receive the following fees:    For attending before any court, or before any judge or commissioner, per day, one dollar; for each mile actually and necessarily traveled in going to and returning from the place of attendance, five cents."   Sec-

tion 49 provides: "In all cases where the fees prescribed by this act in criminal cases except misdemeanors, for the constable and justices of the peace, are not paid by the defendant or prosecuting witness, one-half of the amount of the fee allowed by law shall be paid by the county; provided, that in no case shall the county pay any fees to any of the above named officers for services rendered in any case where the offense is less than a felony." This is the only section in this act that, expressly imposes any obligation on the county to pay any fees in criminal cases. We can find no warrant here for authority to pay witnesses. The true intent and meaning of this section are that in all cases where the fees in criminal cases prescribed for constables and justices of the peace, (except misdemeanors,) are not paid by the defendant or prosecuting witness, the county shall be liable for one-half the fee allowed by law, but in no event shall the county be liable to these officers for fees earned in misdemeanor cases. The section has no relation to witness fees, and does not, by expression or implication, authorize the county to pay their fees. Its purpose is to make the county liable for one-half the fees earned by justices and constables in felony cases, and prohibit the payment to them by the county of any fees earned in misdemeanors.

It is contended that because the legislature ommitted from this act the express prohibtion relating to witness fees found in the act of 1895, it was the legislative intent to authorize the county to pay witness fees. This contention would have more force were it not for the fact that the act of 1890, which the act of 1895 repealed, had an express, affirmative provision making the counties liable for such fees, and the legislature must have had

all these facts before them, and no attempt seems to have been made to reincorporate the provisions of the act of 1890, which was in force until 1895. If the legislature intended to make the counties liable for these fees they could have found language sufficiently expressive to have made certain their meaning. The act of 1895 did not need the prohibitive provision in order to take from counties the authority to pay witness fees in criminal cases. The law of 1895 expressly repealed the law of 1890 on this subject, and contained nothing that would have made counties liable for this class of fees, even had it ommitted the prohibitive feature; but, as the practice had prevailed of paying the witnesses for the Territory, the legislature, no doubt, desired to make their meaning so certain and emphatic that no room for a wrong interpretation could be found. The act of 1897 also, by sections 50 and 51, re-enacts sections 34 and 35 of the law of 1890, which correspond and are identical with sections 33 and 34 of the law of 1895. We refer to this because it is argued by the counsel for defendant in error that it is evident from the incorporation of these sections in the act of 1897 that the legislature intended that the county should pay the witness fees so reported by the district clerk to the county clerk. The fact that these sections appear in the act of 1897 the same as in the act of 1890 loses all particular significance when it is remembered that the same sections, without change or alteration, were also incorporated in the act of 1895, which act specifically prohibited the payment of any witness fees in criminal causes by the counties. The duty of the clerk of the court in reporting witness fees to the county clerk is expressly limited in all three of the statutes to the fees and mileage of those witnesses for whom the county is

liable, and, if there is no statute fixing a county liability, then the clerk has no duty to perform in this particular.

It is further contended that section 2, art. 8, ch. 32, Session Laws, 1897, by implication provides for the payment of witness fees in criminal causes. This section is a portion of the act defining the purposes for which the various county fund shall be used. It is, in part, as follows: "The court funds shall be used only for the payment of witnesses, jurors, stenographers, bailiffs, janitors for the district court, and the fees of justices of the peace, probate judge, constables, and clerks of the district court," etc. We find nothing in this provision to support the contention that it was intended by this law to make the county liable for fees of witnesses in criminal cases. Counties are liable to sue and be sued, the same as persons, upon matters coming within their powers and obligations. In such suits the county may have and require the attendance of witnesses, the same as any other litigant; and the legislature had this fact in view, and provided a fund out of which the witnesses for the county should receive compensation. In a civil action the county goes into or is brought into court upon the same footing, and subject to the same rules, as any other litigant; but, as before stated, a county is no party to a criminal prosecution, and is only liable for the expenses incurred in such cases when made so by the law-making power of the sovereignty of which it is a subordinate division for governmental purposes. We have searched all the statutes of the Territory on this subject, and we are unable to find any legislative enactment which gives respectable color to the contention that in this Territory a county is, in any event, liable for the fees of a witness

who attends before the grand jury or any court in a criminal prosecution.

It is argued that witnesses have to go from their homes and travel long distances, at great expense, and are generally poor, and that such a requirement works a great hardship and injustice, and that it is better that the public bear these burdens. We are not unmindful of these conditions, but they are questions for the consideration of the legislature, and not for the courts. We cannot deal with the wisdom or policy of any law so long as it violates no organic or constitutional principle, but must apply the law as it is given to us by that department of government to whom is intrusted the duty of determining its necessity and enacting its provisions. The judgment of the district court is reversed, at the costs of defendant in error, and cause remanded, with directions to dismiss the appeal from the county board, at the costs of the appellant.

All of the Justices concurring.