SAMUEL W. HAYES,
R. L. WILLIAMS,
MATTHEW J. KANE,
JESSE J. DUNN,

JUSTICES.

### COGGESHALL v. CONNER.

No. 1251. Opinion Filed January 9, 1912.

(120 Pac. 559)

PROSECUTING ATTORNEYS—Compensation—Liability of Third Persons. A public officer cannot recover compensation from third persons for the performance of acts within the scope of his official duty, even though the acts were performed at their request, or though they may have expressly promised to pay him. This rule applies to an attorney acting as special prosecutor for the state, the regular county attorney being disqualified, by appointment by order of the district court.

(Syllabus by the Court.)

*Error from Kiowa County Court;*
*J. W. Mansell, Judge.*

Action by Thomas W. Conner against George Coggeshall. Judgment for plaintiff, and defendant brings error. Reversed and remanded with directions.

*E. W. McIntosh,* for plaintiff in error.

*W. A. Phelps,* for defendant in error.

WILLIAMS, J.  This proceeding in error is to review the judgment rendered in favor of the defendant in error, as plaintiff, against the plaintiff in error, as defendant, in the county court of Kiowa county, in an action for the recovery of a fee in the sum of $125 for the prosecution of John C. Stanfill, charged with arson.  Plaintiff's claim was resisted on the grounds (1) that the defendant had neither expressly nor impliedly employed plaintiff, and (2) such services in such prosecution were performed by said plaintiff whilst he was the duly elected and qualified county attorney of Kiowa county, territory of Oklahoma, and (3) after he went out of office as such officer the services were performed by him under special appointment by the district court of the state for said county.

The defendant requested the following instruction:

"You are instructed that if you find that the plaintiff did the services claimed while he was acting in the capacity of county attorney, either by election or by appointment by the district court, then you should find for the defendant."

This instruction was refused and exceptions saved.  We think that in this the court erred.  A person who accepts an office to which no compensation is attached is presumed to undertake to serve gratuitously (*Wortham v. Grayson County Court,* 13 Bush [Ky.] 53), and cannot recover anything from the state or county, upon the ground of an implied contract to pay what the service was reasonably worth.  *White v. Levant,* 78 Me. 568, 7 Atl. 539; *Talbot v. East Machias,* 76 Me. 415; *Sikes v. Hatfield,* 13 Gray (Mass.) 347; *Walker v. Cook,* 129 Mass. 578; *Board of County Commissioners of Greer County v. Watson,* 7 Okla. 174, 54 Pac. 441.  This presumption is in favor of the state or county.  *Board of County Commissioners v. Watson, supra;* Throop on Public Officers (1892) section 449; *Cole v. White County,* 32 Ark. 45; *Wortham v. Grayson County Court,* 13 Bush (Ky.) 53.

Where services are to be performed by officers for private parties, as, for instance, where a clerk files papers at the instance of private litigants, this presumption does not obtain. *Bohart. et al. v. Anderson,* 24 Okla. 82, 103 Pac. 742, 20 Am. & Eng. Ann. Cas. 142; Throop on Public Officers (1892) section 449.

A public officer whose salary or compensation is fixed by law, and is payable by or made a charge against the public, cannot recover compensation from third persons for the performance of acts within the scope of his official duty, even though the acts were performed at their request, or though they may have expressly promised to pay him. *Hatch v. Mann,* 15 Wend. (N. Y.) 44; *Brophy v. Marble,* 118 Mass. 548; *Evans v. Trenton,* 24 N. J. Law, 764; *Pool v. Boston,* 5 Cush. (Mass.) 219; *New Haven, etc., Co. v. Hayden,* 117 Mass. 433; *Andrews v. United States,* 2 Story, 202, Fed. Cas. No. 381; *Converse v. United States,* 21 How. 463, 16 L. Ed. 192.

It was an offense at common law for a member of a municipality to refuse to take upon himself an office in such corporation to which he had been appointed. *Rex. v. Bower,* 2 D. & R. 482; 1 B. & C. 585; *Rex. v. Lone,* 2 Srt. 920; *Rex. v. Jones,* 2 Srt. 1146; Throop on Public Officers (1892) sec. 167.

If the defendant in error rendered any services in this prosecution between the 16th day of November, 1907, the date on which his term of office as county attorney of Kiowa county, Okla. T., terminated, and the 8th day of January, 1908, the date on which he was appointed, by order of the district court, to prosecute said case, he would be entitled to recover a reasonable value therefor, provided the plaintiff in error requested him to continue such prosecution; for, if he made such request, and the services were rendered, the law would imply a contract to pay a reasonable compensation therefor.

It is against public policy for a public officer to be allowed private compensation for the performance of any duty as a public officer. The very moment that the plaintiff was appointed by the district court as a special prosecuting officer to prosecute this case, for the purposes of that case he then and there became a public officer, and for any service rendered in that appointment

he would not be entitled to recover as against a private individual. As to whether there is a provision of law for him to be compensated out of the public treasury, that is not essential here to be determined. It may be that there is no provision of law for such compensation out of the public treasury, but it is certainly against sound public policy to permit an attorney to be appointed as a special prosecutor when the regular county attorney is disqualified, and to receive private compensation for such services.

When the state seeks to bring one of its citizens to the bar of justice, and a special prosecutor is appointed, his sense of duty should be impelled only by that of a public prosecutor receiving only the compensation or emoluments, if any, from the sovereignty or subdivison thereof. It would be a dangerous policy for private parties to employ and pay private counsel, and then have them commissioned by the state as special public prosecutors, and thus, in the name of the state, frequently be empowered to wreak vengeance at the instance of private parties. When a private prosecutor is employed by private parties, and he assists in the prosecution without any appointment by the court, he is subject to the guidance and control of the regular prosecuting attorney, and does not come within this restriction.

It follows that the judgment of the lower court is reversed, and the cause remanded, with instructions to grant a new trial and proceed in accordance with this opinion.

All the Justices concur.