## MORROW v. BOARD OF COM'RS OF McINTOSH COUNTY.

No. 2557.    Opinion Filed January 9, 1912.

Rehearing Denied March 26, 1912.

(122 Pac. 168.)

1.   **REGISTERS OF DEEDS — Compensation — Statutory Provisions.** Section 1738, Comp. Laws 1909 (section 1282, Wilson's Rev. & Ann. St. 1903), which provides "the register of deeds shall receive from the county for indexing, in the numerical index, records already made, in addition to his other fees, a compensation to be fixed by the county commissioners," does not authorize the members of the board of county commissioners of a county to enter into a contract with the register of deeds of said county to pay him for services rendered under section 1741, Comp. Laws 1909, which provides: "The register of deeds of any county in this state, wherein is situated a town in which prior to November 16, 1907, an office for filing and recording deeds, mortgages, liens, and other instruments was maintained by the United States, is hereby

authorized, empowered, and directed to receive and transfer to his office all the records, files, books, and instruments kept in such office, and which pertain to and properly belong in the office of register of deeds; and when so transferred, such records, files, books, and instruments shall be and become part of the permanent records of the office of the register of deeds in such county.''

2.  **COUNTIES**—Compensation—Nature of Right in General. A county officer is not entitled to compensation from the county for official services rendered, unless the authority·therefor can be found in the laws of the state, or may be deduced therefrom by fair implication.

(Syllabus by the Court.)

*Error from District Court, McIntosh County;*
*Preslie B. Cole, Judge.*

Action by J. B. Morrow against the Board of County Commissioners of McIntosh County, Okla. Judgment for defendant, and plaintiff brings error. Affirmed.

*Van Court & Reubelt,* for plaintiff in error.

*John W. Robertson,* County Atty.; and *E. I. O'Reilly,* Asst. County Atty., for defendant in error.

KANE, J. This was an action commenced by the plaintiff in error, plaintiff below, against the defendant in error, defendant below, for compensation for services performed by him as register of deeds of McIntosh county in relation to the transfer of the old Indian Territory registration records to the office of the register of deeds of the state, under section 1741, Comp. Laws 1909, which provides:

"The register of deeds of any county in this state, wherein is situated a town in which prior to November 16, 1907, an office for filing and recording deeds, mortgages, liens, and other instruments was maintained by the United States, is hereby authorized, empowered, and· directed to receive and transfer to his office all the records, files, books, and instruments kept in such office, and which pertain to and properly belong to the office of register of deeds; and when so transferred, such records, files, books, and instruments shall be and become part of the permanent records of the office of the register of deeds in such county."

The petition alleges, in substance, that on the 17th day of June, 1910, the board of county commissioners of said county

passed a resolution requiring him, as register of deeds, to index all back records which had been transferred to his office, and fixing his compensation therefor; that thereupon it became the duty of plaintiff to index said records, and defendant thereby became bound to pay plaintiff for said services at the rate set out. in said resolution; that under- said contract plaintiff rendered services in the sum' of $2,635.15, and thereafter filed a verified statement of said claim with the county clerk of said county, which said claim was disallowed; that on or about the 5th day of December, 1910, defendant paid to plaintiff, on account, the sum of $500, but failed and refused, and still fails and refuses, to pay plaintiff the balance due. The court below sustained a demurrer to the petition of the plaintiff, upon the ground that it did not state facts sufficient to constitute a cause of action in favor of the plaintiff, and against the defendant, and, plaintiff refusing to plead further, judgment was entered in favor of the defendant for costs, to reverse which this proceeding in error was commenced.

We think the demurrer was well taken, and that the court below committed no error in sustaining the same. Plaintiff based his right to recover upon section 1738, Comp. Laws 1909 (section 1282, Wilson's Rev. & Ann. St. 1903), which provides:

"The register of deeds shall receive ·from the county for indexing, in the numerical index, records already made, in addition to his other fees, a compensation to be fixed by the county commissioners."

His contention is that that section confers upon the county commissioners the power to· fix the fees for the class of services required by section 1741, Comp. Laws 1909, and also makes such fee a charge against the county. There is no room for such a construction. Section 1738, *supra,* was enacted in 1893, and, of course, was not passed in view of any of the conditions that grew .out of the change from a territorial to a state government. The ·numerical index mentioned in that section is the index mentioned in section 1737 (Comp. Laws 1909) of the same chapter provided for the purpose of noting all deeds relating to tracts of land. It cannot be said that section 1741, *supra,* contemplates

that class of services. The register of deeds' directions in regard to the old records were to receive and transfer to his office all the records, files, books, and instruments kept in such office, and which pertain to and properly belong in the office of register of deeds. There seems to have been no fee fixed for that service, and no authority given to any one by law to fix a fee. The next section (section 1742, Comp. Laws 1909) provides that:

"The board of county commissioners of the several counties of this state are authorized and empowered to copy or transcribe or to have copied or transcribed at a rate not to exceed five cents per folio, any part of the records of any other county whenever such records affect such county desiring such transcript or property situate therein."

And the next section provides how the work shall be done, and its force and effect when placed in the office of the register of deeds. Except the "five cents per folio," allowed by section 1742, *supra,* none of these sections, nor the succeeding ones of that chapter treating of the same subject, allows the register of deeds any compensation for any services performed in relation to such records.

A county officer is not entitled to compensation from the county for official services rendered, unless the authority therefor can be found in the laws of the state, or may be deduced therefrom by fair implication. *State ex rel. Reardon, Co. Atty., v. Hooker, Co. Judge,* 26 Okla. 460, 109 Pac. 527; *State ex rel. Reardon, Co. Atty., v. Harper,, Clerk District Court, infra; Coggesshall v. Conner, infra,* 120 Pac. 559.

It is further contended by counsel for defendant in error that section 1738, *supra,* has been repealed by section 3382, Comp. Laws 1909, entitled, "Fees and Salaries," but, in view of what we have heretofore said, that contention is immaterial, as if we held with counsel it would not change the result.

The judgment of the court below is affirmed.

TURNER, C. J., and HAYES, J., concur; WILLIAMS and DUNN, JJ., absent, and not participating.