## BOARD OF COM'RS OF OKLAHOMA COUNTY v. TWYFORD.

No. 2724. Opinion Filed June 19, 1913.

Rehearing Denied September 2, 1913.

(134 Pac. 968.)

1.    **TEMPORARY JUDGES—Fees.** It is not necessary in this case to consider the constitutionality of section 3 of the legislative act approved March 19, 1910 (section 1832, Rev. Laws 1910).

2.    **JUDGES — Compensation — Liability of County — Pro Tempore County Judge.** The clause in section 3 of the legislative act approved March 19, 1910 (section 1832, Rev. Laws 1910), which says: "And in no event shall the county be liable for more than one-half such costs"—does not impose upon a county the affirmative liability to pay costs to a pro tempore county judge.

3.    **SAME—"County Officer"—Pro Tempore County Judge.** A person agreed upon, or elected as a pro tempore judge of the county court in a given case, in compliance with law, is, for the time being and for the purposes of that case, a "county officer."

(Syllabus by Brewer, C.)

*Error from Superior Court, Oklahoma County; Edward D. Oldfield, Judge.*

Action by James S. Twyford against the Board of County Commissioners of Oklahoma County, State of Oklahoma. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

*Sam Hooker,* for plaintiff in error.

*Flynn, Chambers, Lowe & Richardson,* for defendant in error.

Opinion by BREWER, C.   The county judge of Oklahoma county was disqualified by affidavits of the defendants, charging bias and prejudice in sixteen misdemeanor cases pending in that court.   On agreement between defendants' counsel in those cases and the county attorney, James S. Twyford, defendant in error here, was selected as judge *pro tempore* to try the cases.   After one or more continuances being entered, all of the cases were dismissed on recommendation of the county attorney for want of evidence to convict.   Defendant in error filed a claim for a fee of $12.50 in each case, amounting to $200, with the county commissioners, which was disallowed.   Thereafter an agreed case setting up these facts was filed in the superior court of Oklahoma county, and judgment was rendered in favor of the defendant in error against the county for $200 and interest.   From this judgment the county, through its board of commissioners, brings error.

The defendant in error bases his claim to the $200 on section 3 of an act of the Legislature, approved March 19, 1910, which is as follows:

"Whenever a temporary judge is chosen to sit as a trial judge in any case or (on) account of bias or prejudice of the regular judge the party making the affidavit under the law shall be charged a fee of $25.00, to be taxed as costs in the case; and in no event shall the county be liable for more than one-half of such costs."   (Section 1832, Rev. Laws 1910.)

The plaintiff in error contends that this act is invalid because violative of certain sections of the state Constitution; but, as we view the case, it is unnecessary to inquire into the question of its constitutionality.

It is not contended that there is any authority of law for the payment of fees to a *pro tempore* county judge by a county, unless it is found in the language quoted above; and we do not believe that the language used is sufficient to make the fees of such county judge a legal charge against the county.   The fact that the act says: *"And in no event shall the county be liable for more than one-half of such costs"* (Italics ours)—falls far short of saying that in such cases the county *shall be liable for these fees.*

A person agreed upon or elected as a *pro tempore* judge of the county court in a given case is, for the time being and for the purposes of that case, a county officer. In *Board of Commissioners of Washita County v. Brett,* 32 Okla. at page 856, 124 Pac. at page 59, it is said:

"The general rule is: 'One who asks payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law. No claims are chargeable on a county treasury, or can be paid therefrom, except such as the law imposes on the county, or empowers it to contract for, either expressly or as a necessary incident, and no officer of the county can charge it with the payment of other claims, however meritorious the consideration, or whatever may be the benefit the county may derive from them.'"

Many authorities are cited in that case. In *Coggeshall v. Conner,* 31 Okla. 114, 120 Pac. 559, 39 L. R. A. (N. S.) 81, this court, speaking through Mr. Justice Williams, says:

"A person who accepts an office to which no compensation is attached is presumed to undertake to serve gratuitously (*Wortham v. Grayson County Court,* 13 Bush [Ky.] 53), and cannot recover anything from the state or county, upon the ground of an implied contract to pay what the service was reasonably worth (*White v. Levant,* 78 Me. 568, 7 Atl. 539; *Talbot v. East Machias,* 76 Me. 415; *Sikes v. Hatfield,* 13 Gray [Mass.] 347; *Walker v. Cook,* 129 Mass. 578; *Board of County Commissioners of Greer County v. Watson,* 7 Okla. 174, 54 Pac. 441). This presumption is in favor of the state or county. *Board of County Commissioners v. Watson, supra;* Throop on Public Officers (1892) sec. 449; *Cole v. White County,* 32 Ark. 45; *Wortham v. Grayson County Court,* 13 Bush (Ky.) 53."

And in *State ex rel. v. Hooker,* 26 Okla. 467, 109 Pac. 530, the court quotes with approval from section 478, Throop on Public Officers (1892), a paragraph containing the following statement:

"It results from the proposition, stated and illustrated in the last chapter, that an officer is not entitled to compensation, unless it is given to him by the Constitution or a statute * * *"
—and further on in the last-cited case the court quotes with approval the following language found in *State ex rel. Pollard v. Brewer,* 59 Ala. 130:

"The statutes which allow fees to sheriffs and other officers for services rendered in prosecutions by the state for criminal offenses, and in executing judgments rendered in such prosecutions, are statutes which give costs, and must be strictly construed. They cannot be extended beyond their letter. It is a principle of the common law that such statutes (as it is in reference to all general statutes) do not extend to and embrace the sovereign, subjecting him to disability, or to liability, unless it is so expressly provided. 'The king (and any person suing to his use) shall neither pay nor receive costs' was the rule at common law; and the general words of statutes giving costs did not include the sovereign. [*Rawley v. Board of Com'rs of Vigo County*, 2 Blackf. (Ind.) 355]. The same principle has been applied to the governments, state and federal, in this country, in civil and criminal causes. *Irwin v. Commissioners*, 1 Serg. & R. (Pa.) 505; *McKeehan v. Commonwealth*, 3 Barr (3 Pa.) 151; *U. S. v. Boyd*, 5 How. 29 (12 L. Ed. 36); *Commissioners v. Blake*, 21 Ind. 32; *Prince v. State*, 7 Humph. (Tenn.) 137."

The cause should be reversed, and judgment entered for the county.

By the Court: It is so ordered.