ZEIGLER v. BOARD OF COM'RS OF GRANT COUNTY.

No. 3906. Opinion Filed November 17, 1914.

(144 Pac. 381.)

1.  **COUNTIES—Illegal Claim—Liability of Claimant.** A county officer, who has presented to the board of commissioners claims not specifically authorized by law and had the same allowed and paid, is liable to the county for the amount of such claims, although no appeal was taken from the action of the board in allowing the same

2.  **SAME—County Officers—Allowance of Claim.** Before a county officer can rightfully draw money from the county treasury, either for salary, fees, expenses, or extra compensation, he

must be able to point to some constitutional or statutory pro-
vision or some lawful contract, either express or implied, that
justifies his claim to such money.

(Syllabus by Galbraith, C.)

*Error from the District Court, Grant County;*

*W. M. Bowles, Judge.*

Action by the Board of Commissioners of Grant County
against P. W. Zeigler. Judgment for plaintiff, and defendant
brings error. Affirmed.

*J. B. Drennan* and *F. G. Walling,* for plaintiff in error.

*Emery H. Breeden,* for defendant in error.

Opinion by GALBRAITH, C. The purpose of this action
was to recover from the plaintiff in error the amount of certain
claims which it was alleged he had collected from Grant county
without authority of law while serving as county clerk of that
county, between the 16th day of November, 1907, and the 9th
day of January, 1911.

There were eleven counts in the petition, each setting out
a claim charged to have been presented to the commissioners and
allowed and a warrant drawn therefor and collected by the de-
fendant without authority of law. The first count declared on a
claim for $345, made up of two items, one for $300, for figuring
tax rolls for the year 1909, and one for $45 for extra help. The
second count declared on a claim for $525 for making up the tax
rolls for the year 1909, this being alleged to be $125 in excess of
the amount allowed by law. The third count alleged that various
claims amounting in the aggregate to $74.99 for services as pur-
chasing agent for the county had been allowed and paid. The
fourth count charged that various claims for ditch work aggre-
gating $190.40 had been presented and allowed and paid. The
fifth count declared on various claims for traveling expenses ag-
gregating $63. The sixth charged that he presented claims ag-
gregating $44 for swearing parties to wolf-scalp claims. The sev-
enth charged that he presented a claim for $45.53 for making a

statistical report. The eighth count declared that he collected and failed to account to the county for a vendor's lien license fee of $50, and had collected and failed to account to the county for certain fees in the sum of $24.20. The tenth charged that he had made error in drawing certain warrants on claims allowed by the county commissioners for more than the sums allowed in the amount of $47. The eleventh charged that he had overdrawn his salary in the sum of $61.53. The prayer was for judgment in these several amounts, aggregating the sum of $1,300.

There was a demurrer to the petition, which was overruled by the court. The defendant then filed an answer, in which he answered separately each of the counts of the petition, and admitted presenting the claim as charged therein and its allowance and payment to him, but alleged that the same was a proper claim against the county, and that it had been duly allowed by the board of county commissioners, paid by the treasurer, and, no appeal having been taken from the action of the board of county commissioners in allowing the claim, the same became adjudicated and settled, and no action could be maintained thereon in this suit, except as to the claim set out in paragraphs eight and nine of the petition. He admitted the correctness of the amount charged in these counts, and alleged that by inadvertence and oversight he had failed to account to the county for the same, and that he was liable therefor, and tendered the amount asked for in those two counts, and to the eleventh cause of action, which charged that he had overdrawn his salary, he interposed a general denial. To this answer the board of commissioners interposed a separate demurrer to the first, second, third, fourth, fifth, sixth, seventh, tenth, and eleventh paragraphs, on the ground that each failed to state facts sufficient to constitue a defense to the plaintiff's cause of action thereon. The court sustained the demurrer in part and overruled it in part, sustaining the demurrer to the first, second, third, fourth, fifth, and eleventh paragraphs of the answer, and overruling the same as to the sixth, seventh, and tenth paragraphs. The defendant

excepted to the ruling of the court in so far as it sustained the demurrer, and, electing to stand upon his answer, refused to plead further. Whereupon the court entered judgment upon the pleadings for the plaintiff in the sum of $1,118.29 and $5.10 costs. The defendant excepted and appealed to this court by petition in error and case-made.

The errors assigned are: (1) In overruling the demurrer to the petition; (2) in sustaining the demurrer to parts of the answer; (3) in rendering judgment against the defendant and in favor of the plaintiff.

The rule of law applicable to and controlling in this case is stated by Mr. Justice Williams, speaking for the court in *Ticer v. State ex rel. Holt, County Attorney,* 35 Okla. at page 4, 128 Pac. at page 495, as follows:

"An officer is not entitled to receive compensation from the state or county unless it is given to him by the Constitution or statute. * * * Where compensation is given to an officer by a constitutional or statutory provision, whether by salary or fees or commissions or otherwise, it is in full of all his official services, and he is not entitled to demand or receive any additional compensation from the public for any service within the line of his official duty, although his duties have been increased, or entirely new duties have been added since he assumed office, or, if his compensation consists of fees, although the service is one for which no fee is provided by law. *State v. Brewer,* 59 Ala. 130; *People v. Supervisors of New York,* 1 Hill (N. Y.) 362; *Heslep v. Sacramento,* 2 Cal. 580; Throop on Public Officers (1892) sec. 478, and authorities cited in footnote 2. See, also, *Coggshall v. Conner, supra* [31 Okla. 113, 120 Pac. 559, 39 L. R. A. (N. S.) 81, Ann. Cas. 1913D, 577]."

In the case of *Board of County Commissioners of Washita County v. Brett,* 32 Okla. 853, 124 Pac. 57, Brewer C., announces the rule as follows:

"One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is claimed were beneficial."

Again, in the case of *Anderson v. Board of Commissioners of Grant County, ante,* 143 Pac. 1145, the third and fourth paragraphs of the syllabus read:

"3.    Before an officer in this state is entitled to draw money from the public treasury for fees or compensation, he must be able to point out statutory authority for its payment to him.

"4.    The board of county commissioners is without jurisdiction to allow a claim of a county officer for compensation not authorized by law; and an order so doing, though unappealed from, is not a bar to a suit by the proper authorities to recover the sums illegally drawn from the county treasury by means of such order."

See, also, the following cases:    *Board of Com'rs of Greer Co. v. Watson,* 7 Okla. 174, 54 Pac. 441; *Finley v. Territory,* 12 Okla. 621, 73 Pac. 273; *Broaddus v. Board of Com'rs of Pawnee Co.,* 16 Okla. 473, 88 Pac. 250; *Morrow v. Board of Com'rs of McIntosh Co.,* 31 Okla. 636, 122 Pac. 168; *Coggeshall v. Conner,* 31 Okla. 113, 120 Pac. 559, 39 L. R. A. (N. S.) 81, Ann. Cas. 1913D, 577; *Board of Com'rs. of Washita Co. v. Brett,* 32 Okla. 853, 124 Pac. 57; *Board of Com'rs of Oklahoma County v. Twyford,* 39 Okla. 230, 134 Pac. 968; *Parker v. Board of Com'rs of Tillman Co.,* 41 Okla. 723, 139 Pac. 981; *Board of Com'rs of Beaver Co. v. Culwell,* 41 Okla. 712, 139 Pac. 979; *Anderson v. Board of Com'rs of Grant Co., ante,* 143 Pac. 1145.

The above authorities settle the rule of law beyond controversy in this jurisdiction that before an officer can lawfully draw money from the public treasury, either for salary, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provision, or some lawful contract, either express or implied, that justifies his claim to such money. Under this rule the burden was imposed upon the plaintiff in error to point out the law authorizing the payment of these several claims to him.   He has failed to point out the law that justifies the allowance of the claims which the trial court held were not proper charges against the county; we, therefore, conclude that

the ruling of the trial court was right, and that the assignments of error are not well taken.

The defendant in error argues by way of cross-error that the court was in error in overruling the demurrer to the third paragraph of the answer; but since there is no cross-petition in error with cross-assignments of error in the record, this assignment cannot be considered.

We recommend that the judgment appealed from be affirmed.

By the Court: It is so ordered.