## BAKER v. BOARD OF COUNTY COM'RS OF OKMULGEE COUNTY.

No. 4996.   Opinion Filed July 13, 1915.

(150 Pac. 714.)

1.   COUNTIES—Assessor—Book Containing Land List.  Chapter 152, Sess. Laws 1910-11, created the office of county assessor, and provided his duties and for his compensation.  There was a provision therein that he should keep a book known as a "land list."  In the absence of a statute making it the duty of the county commissioners to furnish him a book containing such a land list, it becomes the official duty of the assessor to prepare such a land list himself.

2.   COUNTIES—Officers—Performance of Duties—Compensation.  A duty imposed upon a county officer which is germane to his office must be performed, although no extra compensation is provided for performing this extra duty.

48—24

3.    COUNTIES—Claim for Services—Liability of County. The county is not liable for a claim for services rendered to the county unless there is some statute authorizing its payment.

(Syllabus by Mathews, C.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

A claim presented by J. Will Baker to the Board of County Commissioners of Okmulgee |county was rejected, a demurrer was sustained on appeal to the district court, and plaintiff brings error. Affirmed.

*Eaton & Cowley,* for plaintiff in error.

*J. W. Childers,* for defendant in error.

Opinion by MATHEWS, C. Plaintiff in error, J. Will Baker, who had been appointed county assessor of Okmulgee county, Okla., filed his claim against said county for making town lot list and land list, for 1912, as follows:

Okmulgee, Okla., June 1, 1912.

To J. Will Baker:

Okmulgee County, Okla., Dr.

Making town lot list of Okmulgee County...................$210.00
Making land list of Okmulgee County....................... 185.00

$395.00

The county commissioners having rejected said claim, the plaintiff appealed to the district court. When the cause came on to be heard in the district court, the attorney for plaintiff made the following statement:

"This case presents an appeal from the action of the board of county commissioners of Oklahoma county, wherein J. W. Baker, having presented a claim to said board and the same having been refused, was carried to the district court of Okmulgee county. The claim is for the sum of $395, the same being incurred by the said J. Will Baker as clerical expense and necessary work in

getting up documents and land lists for the actual work of assessment in the county of Okmulgee, said lists being a complete list of all of the town lots and other real estate in said county. Said J. Will Baker has been repaid in part of said expenses paid out by him for the purposes above mentioned. J. Will Baker, as assessor of Okmulgee county, has been paid the salary provided by the act of the Legislature, but not other sums of money incident to the preparation of the documents and books necessary to be used in his office as such county assessor, of Okmulgee county. The said county commissioners of Okmulgee county have paid for the blank books used by the county assessor, and the money now asked to be reimbursed to the said J. Will Baker is for clerical services in the preparation of these records for which he has paid other parties." "At the time the said J. Will Baker took up the duties of his office as county assessor, there were no land lists of the land and town lots of Okmulgee county and the cities therein."

Whereupon the county attorney demurred to the action of plaintiff based upon the statement of his attorney, which demurrer was sustained, and the plaintiff appealed to this court.

This action grew out of section 4, ch. 152, of the Session Laws of 1910-11, which, as far as is necessary to here set out, is as follows:

"The assessor shall keep a book to be known as a 'land list,' which shall contain the name of the owner and a description, sufficient for identification of any real estate belonging to said owner."

The question presented is clearly set out in the opening statement of plaintiff's attorney, *supra,* and is whether or not, under the 1910-11 law, the county is liable to the assessor for clerical expenses and necessary work in preparing the prescribed land list. Plaintiff first contends

that it was not the duty of the assessor, under this law, to compile the list, the law requiring the assessor only to keep a book to be known as a "land list," and insists "to keep a book," as provided in said section, does not mean that he must compile the book, and urges further:

"That the preparing and the compiling of the said 'land list,' was not a duty incumbent upon the plaintiff in error as assessor, but that it was a duty incumbent upon the board of county commissioners of Okmulgee county, state of Oklahoma, to have compiled the said 'land list,' at the expense of said Okmulgee county, and to have furnished the same to plaintiff in error. Having failed and neglected to so do, it certainly was the duty of the said board of county commissioners to have reimbursed plaintiff in error by allowing and paying his claim for money necessarily expended in compiling said 'land list' when the same was properly presented to them and properly sworn to and itemized as required by law."

We find ourselves unable to agree with the argument of plaintiff, because the only reasonable inference that can be deducted from the language used in said section 4, *supra,* is that it was the intention of the Legislature to impose upon the assessor the duty of preparing the required land list. The statute under consideration had for its purpose the creating of the office of county assessor, prescribing his duties, and providing his compensation. If there was no book containing a land list in existence the legislature passed this law with that information before them, and if no provision was incorporated in the law imposing the duty upon some one else to prepare the land list, it follows that this duty was made incumbent upon the assessor, because it is axiomatic that he could not keep it until such a book was brought into existence. That this construction is correct appears more strongly

from the fact that the making and keeping of such a list was directly in line with the duties of his office in assessing the real property of the county, and had for its object the facilitating of the same. If the keeping of such a list was not closely germane to the main duty of assessing the property in the county, there might be some grounds for plaintiff's contention.

Plaintiff states his next contention as follows:

"It is our second contention that though the court may be of the opinion, and so hold, that it was one of the duties of the plaintiff in error, as assessor of Okmulgee county, to prepare and compile said 'land list,' yet plaintiff in error would be entitled to be reimbursed for all sums of money necessarily expended by said plaintiff in error for extra help and clerk hire in running through and in making up the said 'land list' from the records of the office of register of deeds."

This exact proposition has been before this court so often, and has become so firmly settled, we feel that little can be added to what has already been said in many well-considered cases, by this court. The identical question in all its phases was before this court in the case of *Anderson v. Board of Com'rs of Grant County*, 44 Okla. 165, 143 Pac. 1145. It appears from this opinion that the 1907-08 Legislature passed a law (Sess. Laws 1907-08, p. 721), remitting the state taxes for 1907, and further providing that all state taxes for that year that had already been paid should be refunded by the county treasurer, but the law did not provide for any additional help or clerk hire. The plaintiff in error in this case filed his account with the county commissioners for pay to extra clerks made necessary by this refund of taxes, and the same was paid. He was afterwards sued for the same by the county, and in answer to this suit he set up as a defense:

"That the sums were withdrawn from the treasury to pay 'for extra assistance necessarily employed by him to perform work in the office of the county treasurer of said county, which said work was not a part of the ordinary duties of the said office. * * ·: ' "

Upon an appeal to this court from a judgment against him, this court, speaking through Judge Brewer, said:

"That the additional duties imposed upon the various county treasurers in the western part of the state of refunding to the taxpayers the amount of the state taxes they had paid into the various county treasuries were duties germane to that office, and such as the Legislature had a right to impose upon the officers, without extra compensation therefor, does not seem open to controversy. It is therefore quite clear in this case that Mr. Anderson drew out of the county treasury the sums sued for illegally. They were paid him without authority of law. He had no right to receive them, nor did the county commissioners have any authority to allow and pay them. Before an officer of this state is entitled to draw money from the treasury, for fees or compensation, he must be able to point out statutory authority for its payment to him."

We also take the following pointed excerpts from the same case: .

"One who demands payment of a claim against a county must show some statute authorizing it, or that it arises from some contract, express or implied, which finds authority of law; and it is not sufficient that the services performed for which payment is claimed were beneficial."

"A public officer is bound to perform the duties of his office, no matter how onerous they may be, for the compensation fixed by law."

"When a statute increases the duties of an officer by the addition of other duties germane to the office, he must

perform them without extra compensation, unless such extra compensation is provided for in the statute."

Almost as direct in point as the above case is that of *Rackley v. City of Purcell,* 40 Okla. 186, 137 Pac. 100, by Judge Williams, in which appears the following:

"A party seeking to fasten a claim on a municipality or any political subdivision for services as its officer must point out some provision of law authorizing the same. Unless such provision exists, the party is presumed, as a matter of law, to have performed such services from a sense of public or patriotic duty without any expectation of compensation. Whilst this rule may seem to work a hardship at times, yet it is salutary. If this safeguard did not exist, too many times raids would be made upon the public treasury and unjust burdens placed upon the taxpayers. It is better that an occasional hardship may fall upon an individual than that a precedent may be established under which the treasury may be filched and unjust burdens imposed upon the taxpayers. A person acting in the capacity of a public officer is entitled to only such compensation as may be given him by some provision of law. This rule is founded upon a sound public policy and should be rigidly adhered to. *Coggeshall v. Connor,* 31 Okla. 113, 120 Pac. 559, 39 L. R. A. (N. S.) 81, Ann. Cas. 1913D, 577; *Board of County Commissioners of Washita County v. Brett,* 32 Okla. 853, 124 Pac. 57; *State v. Hooker,* 26 Okla. 467, 109 Pac. 527; *Board of County Commissioners v. Twyford* [39 Okla. 230], 134 Pac. 968." *Zeigler v. Board of Com'rs of Grant County,* 44 Okla. 266, 144 Pac. 381.

It appears that the legislators in enacting the assessors law under consideration were unusually careful in prescribing what the county should be held liable for. In section 2 of this act, which provides for the assessor's keeping an office at the county seat, it is provided that said office is to be furnished and maintained at the ex-

pense of the county, and in section 16 thereof, which provides for the salary of the assessor, is this provision:

"The county assessor shall receive the following as full compensation for the services of himself and his deputies and no other."

Thus we see the Legislature was careful to be specific in just what the county should furnish and what the full compensation should be for the assessor and his assistants. No law has been cited by the plaintiff which authorizes the payment of the account sued on, and we have been unable to discover any. The duty of pointing out such a law devolves upon the plaintiff because our courts have uniformly held that no charge can be laid against the county unless the "chapter and verse" authorizing the same is first shown.

The occasion may arise in isolated cases, and perhaps does so in the case at bar, when this rule works an injustice, but if relief is merited, the Legislature is the forum in which to obtain the same, for it is the duty of this court only to construe the law as we find it.

For the reasons given, the judgment should be affirmed.

By the Court: It is so ordered.