### BOARD OF COM'RS OF COMANCHE COUNTY v. COMPTON.

No. 8042—Opinion Filed Feb. 10, 1920.

(Syllabus by the Court.)

**1. Counties—Compensation of Officers—Necessity for Law Justifying.**

Before a county officer can rightly draw money from the county treasury, either for salaries, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provision or some lawful contract, either express or implied, that justifies his claim to such money.

**2. Same—Court Clerk—Expense of Restoring Destroyed Records.**

Record examined, and held, that no constitutional or statutory provision or lawful contract has been pointed to, and we know of none, which justifies the allowance of any extra compensation for services rendered by the court clerk or his deputy in the circumstances stated in the opinion.

Error from District Court, Comanche County; R. J. Ray, Judge.

Action by R. B. Compton against the Board of Commissioners of Comanche County. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

T. B. Orr, Co. Atty., and J. A. Diffendaffer, for plaintiffs in error.

Johnson & Stevens, for defendant in error.

KANE, J. This was an action commenced by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, for the purpose of recovering certain sums of money expended by him in restoring certain destroyed records of the district court of Comanche county by order of the district court of said county.

It seems that the county attorney, the county commissioners, and the county clerk of said county petitioned the district judge to have these records restored, and the district judge made an order "that the clerk of this court be and is hereby directed, ordered, and requested, with as much expedition as possible, to proceed to restore the said records," etc. After reciting these facts in detail and alleging that the work was done in pursuance of the order, paragraphs 7 and 8 of the plaintiff's petition set out the items of cost for making the restoration as follows:

"R. B. Compton _____$250.00
Henry J. Murphy_____ 270.00
Comanche County Abstract Co._____ 35.00
Hodge Henderson _____ 7.50
Miss Della Wisher_____ 41.50
Miss Kate Ross_____ 80.00
                                    _____
        Total_____$684.00"

Although Mr. Compton, the plaintiff, was clerk of the district court when the order was made, and Mr. Murphy was his deputy, and they continued to fill these offices during the time the services were rendered, the account was rendered and this action was commenced in his individual capacity.

Upon trial to the court, the R. B. Compton item of the foregoing account was denied, but the balance of the items, amounting to $434, were sustained and judgment rendered thereon, to reverse which this proceeding in error was commenced. There was no appeal taken from the part of the judgment disallowing the Compton item, so that this action of the court below is not subject to review.

It is contended by counsel for the plaintiff in error that, inasmuch as Henry J. Murphy, who was the deputy clerk of the district court during the time his services were rendered, was receiving the salary of $75 a month fixed by law, he was not entitled to any additional compensation for services rendered for Mr. Compton in restoring the records under order of the district court. Zeigler v. Board of County Commissioners, 44 Okla. 266, 144 Pac. 381; Anderson v. Board of County Commissoners, 44 Okla. 164, 143 Pac. 1145; Orendorf v. Board, 44 Okla. 271, 144 Pac. 383; Board of County Commssioners v. Ernest, 45 Okla. 725, 147 Pac. 322; and Russell v. Board, 44 Okla. 301, 144 Pac. 580; are cited in support of this contention. On the other hand, counsel for the defendant in error concede that the foregoing cases cited by plaintiff in error correctly state the law applicable to those cases, but they say that the work done in restoring the records of the district court, which had been destroyed by fire, was performed in pursuance of article 1, chap. 71, of the Revised Laws of Oklahoma 1910, and that in doing this work Mr. Compton was acting as an appointee of the district court, and not as county clerk.

Article 1, chapter 71, of the Revised Laws of Oklahoma 1910, above referred to, contains many sections which provide an elaborate scheme for restoring public records lost or destroyed in many circumstances. One of the sections (section 7295) provides as follows:

"The judges of courts having jurisdiction in such county shall have power to appoint as many special commissioners from time to time as they may deem necessary to carry out the provisions of this article, to take evidence and report all such petitions as may be referred to them. The fees of all referees, commissioners, clerks, sheriffs, and all officers, and employes, for services under this article.

shall not, in any case, exceed two-thirds of the fees provided by law for similar services."

Counsel for plaintiff in error in their reply brief seem to concede that, either under this section or by virtue of its inherent power, the trial court had authority to make the order for the restoration of the destroyed records, saying:

"We want the court to keep in mind the question here is not one of authority, but one of pay for services rendered. The decisions which we cite clearly demonstrate that no matter what the services are nor how necessary, unless the statute or Constitution provides for pay for such services, none can be collected."

This, we think, is the insuperable barrier in the way of the plaintiff's recovery.

The authorities hereinbefore cited are uniformly to the effect that before a county officer can rightly draw money from the county treasurer, either for salaries, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provision or some lawful contract, either express or implied, that justifies his claim to such money. In the case at bar counsel for the plaintiff do not point to any constitutional or statutory provision or to any lawful contract that justifies the allowance of these claims, and as we know of none we must hold that they were properly disallowed. The statute quoted above empowers the judge having jurisdiction to appoint, in certain circumstances, as many special commissioners as he may deem necessary to carry out the provisions of the article on restoration of records, but we do not understand that it is contended that any appointment pursuant to this act was made. The court merely directed his court clerk to restore certain records, which was done. We are unable to find any statute authorizing any additional payment for services rendered in these circumstances. It may be that private persons performing necessary services or furnishing necessary materials in carrying out the order of the court may have a claim upon the county for such services or material, but this is not involved in this proceeding, which is a personal action commenced by Mr. Compton.

For the reasons stated, the judgment of the court below is reversed, and the cause remanded, with directions to proceed in accordance with the views herein expressed.

OWEN, C. J., and PITCHFORD, McNEILL, HIGGINS, and BAILEY, JJ., concur.