## BROADWELL v. BOARD OF COM'RS OF SEQUOYAH COUNTY.

No. 10707—Opinion Filed May 16, 1922.

(Syllabus.)

**1. Counties—Officers' Compensation—Statutory Authority.**

Before a county officer can rightly draw money from the county treasury, either for salaries, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provision or some lawful contract, either express or implied, that justifies his claim to such money.

**2. Same—County Clerk's Fees—Illegal Allowance.**

Record examined, and judgment of the trial court reversed, and cause remanded, with directions.

Error from District Court, Sequoyah County; E. B. Arnold, Judge.

From disallowance of claim before the Board of Commissioners of Sequoyah County, George B. Broadwell appealed to district court, where appeal was dismissed at appellant's costs. Motion by appellant to retax costs overruled, and he brings error. Reversed and remanded.

**T. L. Brown,** for plaintiff in error.

JOHNSON, J. Plaintiff in error prosecutes this appeal from the district court of Sequoyah county to reverse the judgment and decree of the district court in overruling the motion of the plaintiff to retax certain costs assessed against him in a proceeding then pending in the district court of said county on an appeal from the board of county commissioners of Sequoyah county, said appeal from the said board of county commissioners having been dismissed at the cost of plaintiff in error by the district court.

The record discloses that the plaintiff in error, on the 1st day of March, 1922, filed his brief with an acknowledgment of service as required by rule 7 of this court, and that the defendant in error has filed no brief as required by said rule nor shown to this court any reason for its failure so to do. Said rule provides, among other things, that "in case of failure to comply with the requirements of this rule, the **court may** continue or dismiss the case, or ' reverse or affirm the judgment, in its discretion."

From a careful examination of the record we are convinced that the plaintiff in error is entitled to have the judgment of the trial court reversed, and the cause remanded, with instructions to the court to vacate its judgment overruling motion of the plaintiff in error to retax costs, with direction to the trial court to render a judgment sustaining such motion.

The record discloses that the plaintiff in error, George Broadwell, filed his claim with the board of county commissioners of Sequoyah county to refund certain monies paid as taxes on Indian allotments, claiming the same to be exempt from taxation. The said claim was filed on the 12th day of May, 1915. Thereafter, on the 7th day of June, 1915, the board of county commissioners met pursuant to adjournment and rejected said claim. And afterwards, on the 25th day of June, 1915, plaintiff in error gave notice of appeal from the order and decision of the said board of county commissioners to the district court of Sequoyah county, which said notice was duly served by the sheriff of Sequoyah county, on R. L. Horn, a member of the board of county commissioners, and on the 26th day of June, 1915, plaintiff in error filed his bond, as required by law, which said bond was approved by the county clerk of Sequoyah county on the 26th day of June, 1915. And on the 20th day of November, 1915, J. V. Blackard, county clerk of Sequoyah county, filed his transcript of said appeal with the court clerk of the district court. That on the first day of January, 1917, this cause was continued by agreement of the parties, and on the first day of January, 1918, the district court in and for Sequoyah county, Okla., dismissed said action and appeal for want of prosecution. That on the 20th day of March, 1918, plaintiff in error filed his motion to retax the cost in said action; which said motion to retax cost was on the 13th day of January, 1919, denied and overruled by the district court of Sequoyah county, Okla. That on the 16th day of January, 1919, plaintiff in error filed his motion for a new trial, which said motion for a new trial was by the court overruled, and to the overruling of which motion plaintiff in error excepted and prayed his appeal to this court.

The item in the clerk's bill of costs sought to be eliminated by the plaintiff in error's motion was "for certified copy of claim, etc., 40 thousand words at 10 cents per folio, $400.00."

Section 3207, Rev. Laws 1910, fixing the fees allowed county clerks of this state, is as follows:

"The county clerk shall charge and collect the following fees and none other, except as otherwise provided by law:

For recording reports or instruments other than such as pertain to or are required by law to be recorded by the county, per folio_____$ .10
Countersigning and entering certificate of redemption_____ 1.00
Certificate and seal_____ .25
Filing each paper, except such as pertain to county business_____. .10
Issuing license, to be paid by person receiving same_____ 1.00
Assignment of tax sale certificate to be paid by the party purchasing_____ .50
For recording any mark or brand and giving certificate of same_____ .50
For recording each certificate for estrays and forwarding description of same, as required by law_____ .25
For approving each bond, including justification_____ 1.00
For recording each bond, per folio ----.10"

It will be observed that the foregoing section provides that the county clerk shall charge and collect the fees therein enumerated and none other, except as otherwise provided by law, and does not contain a provision defining the services sought to be charged for in the instant case or provide any compensation therefor.

In the case of Board of Com'rs of Comanche County v. Compton, 77 Okla. 196, 187 Pac. 801, in syllabus 1 of the opinion the court stated as follows:

"Before a county officer can rightly draw money from the county treasury, either for salaries, fees, expenses, or extra compensation, he must be able to point to some constitutional or statutory provision or some lawful contract, either express or implied, that justifies his claim to such money."

All the conditions therein mentioned are wanting in the instant case.

The principle there announced has universally been adhered to by this court in a long line of decisions. The instant case comes clearly within the rule announced; therefore the judgment of the trial court is reversed, and the cause remanded, with directions to proceed further herein in accordance with the views herein expressed.

McNEILL, MILLER, KENNAMER, and NICHOLSON, JJ., concur.