## JOHNSTON v. CARRICO *et al.*

No. 4105.   Opinion Filed July 15, 1913.

Rehearing Denied September 24, 1913.

(135 Pac. 11.)

**MUNICIPAL CORPORATIONS—Officers—Compensation.**   Stat. Okla. Ter. 1893, sec. 548, and chapter 6, art. 5, sec. 4, Sess. Laws of 1897, as amended by section 4 of an act approved March, 1897, construed and held to provide that plaintiff, as councilman of a city of the first class, serve without compensation. Held, further, that ordinance No. 1303, passed by the mayor and city council of Oklahoma City, providing for compensation for its councilmen, is void, and that mandamus will not lie to compel the auditor of said city to deliver warrants issued pursuant thereto by the city to plaintiff for services as councilman, and to require the city treasurer to pay the same on presentation by him.

(Syllabus by the Court.)

*Error from Superior Court, Oklahoma County;
Edward Dewes Oldfield, Judge.*

Application for mandamus by J. W. Johnston against A. L. Carrico and others. Judgment for defendants, and plaintiff brings error. Affirmed.

*Jas. S. Twyford,* for plaintiff in error.

*J. W. Johnston* and *George A. Matlack,* for defendants in error.

TURNER, J.   From a judgment of the superior court of Oklahoma county, refusing to issue a peremptory writ of mandamus, plaintiff in error, plaintiff below, brings the case here. The facts are that prior to the time plaintiff was elected, together with fifteen others, a member of the city council of Oklahoma City, a city of the first class, the Statutes of Oklahoma, 1893, sec. 548, provided as follows:

"The compensation of all city officers, shall be regulated by ordinance, but in no case shall a councilman receive for his

services as such, or for services on committees, or otherwise, for any one year, a sum exceeding fifty dollars. The council may, by a vote of a majority of all the members to be entered upon the journal, remove for cause any officer except the mayor."

And an act approved March 12, 1897 (Laws 1897, c. 6, art. 5, sec. 4), provided:

"The salary fund shall be used for the payment of fees and salaries of officers, including policemen, firemen, city marshal, city clerk, city treasurer, city attorney, and all other employees of the city, whose compensation is not made a charge against some other fund by this act. The mayor and councilmen shall serve without compensation, and all funds collected from occupation tax, fines, forfeiture and licenses shall be turned into the salary fund."

And another approved March 10, 1899 (Laws 1899, c. 8, art 1, sec. 4), reads:

"That section 4, of article 5, chapter 6, of the Session Laws of Oklahoma of 1897, be and the same is hereby amended to read as follows: Section 4. The fee and salary fund shall be used for the payment of fees and salaries of officers and employees, including policemen, firemen, city marshal, city clerk, city treasurer, city attorney, street commissioner, city engineer, and all other employees whose compensation is not made a charge against some other fund: Provided further, that all moneys collected from occupation tax, fines, forfeitures and licenses, shall be turned into the salary fund."

At the time plaintiff was inducted into office there was an ordinance in effect fixing the compensation of councilmen at $7.50 per meeting, but not to exceed $37.50 in any one month, and, shortly thereafter, to wit, on July 5, 1910, another ordinance, No. 1303, was passed, the material part of which reads:

"Section 1. That the councilmen of said city shall receive as full compensation for their services the following: First, $7.50 for each meeting attended during the month, provided that they shall not receive for any one month to exceed $37.50; second, $5.00 for each regular committee meeting attended during the month, provided that they shall not re-

ceive to exceed $60.00 per month for attending such · committee meetings. * * *"

Pursuant thereto and between September, 1910, and May, 1911, ten warrants were issued to plaintiff for services as councilman. All of said warrants were similar in form and amount, differing only in date and number, the first of which reads: .

"City of Oklahoma City, Warrant—Warrant No. 2234. Oklahoma City, Oklahoma, May 2d, 1911. To the Treasurer of the city of Oklahoma City: Pay to J. W. Johnston or order sixty dollars out of the salary fund ($60.00).
"Attest:                         D. W. LACKEY, Mayor.
"[Seal]    BOB PARMAN, City Clerk."

Said warrants were retained by the defendant in error, A. L. Carrico, acting as auditor of said city, who refused to deliver the same to plaintiff on demand. It was stipulated that until July 9, 1911, the city of Oklahoma City was a city of the first class, with a mayor and sixteen councilmen as its legislative body, and that on said day a board of five commissioners took over the affairs of said city under a city charter.

For the reason that the warrants were void, the court was right in refusing to issue the peremptory writ commanding the auditor to turn them over to petitioner, and also in refusing to require defendant in error, J. C. Egan, as treasurer of said city, to pay the same on presentation. It is conceded that the case turns upon the validity of ordinance No. 1303, *supra*.

The effect of section 4 of the Act of March 12, 1897, on section 548, *supra*, providing for the regulation by ordinance of the compensation of "all" city officers, and limiting the compensation of councilmen, was to repeal so much of said section as authorized the regulation of the compensation of councilmen at all, and to provide that thereafter they should serve without compensation. Construed together they read:

"The compensation of all city officers, shall be regulated by ordinance, but the mayor and city council shall serve

without compensation. All funds collected from occupation, fines, forfeitures and licenses, shall be turned into the salary fund. The council may, etc."

Act of March 10, 1899, sec. 4, *supra,* in no way conflicted with this construction, and was only intended to make further disposition of the fee and salary fund, but not so as to include councilmen.

We are therefore of opinion that when plaintiff was inducted into office the Act of March 12, 1897, *supra,* was notice to him that he was expected to serve as councilman without compensation, and that such was the compact existing between him and the city, and that the council was without power to fix the compensation of its members by prior ordinance at $37.50, much less raise it by ordinance No. 1303 to $60 per month, and that the same is void.

1 Dillon, Municipal Corporations (5th Ed.), sec. 422, provides:

"There is no such implied obligation on the part of municipal corporations, and no such relation between them and officers which they are required by law to elect, as will oblige them to make compensation to such officers, unless the right to it is expressly given by law, ordinance, or by contract. Officers of a municipal corporation are deemed to have accepted their office with knowledge of, and with reference to, the provisions of the charter or incorporating statute relating to the services which they may be called upon to render, and the compensation provided therefor."

See *Coggeshall v. Connor,* 31 Okla. 113, 120 Pac. 559, 39 L. R. A. (N. S.) 81.

For the reasons stated the ordinance must fall. Affirmed.

HAYES, C. J., and WILLIAMS and KANE, JJ., concur; DUNN, J., absent and not participating.