## RACKLEY v. CITY OF PURCELL.

No. 2960.    Opinion Filed December 9, 1913.

(137 Pac. 100.)

1.    **MUNICIPAL CORPORATIONS—Officers—Right to Compensation.**
A person acting in the capacity of a public officer of a municipality
cannot recover compensation as such officer from such municipality
on the ground of an implied contract to pay what his service is
reasonably worth.

2.    **SAME—Statutory Authority.** A person acting in the capacity of a
public officer of a municipality is entitled to only such compensa-
tion as may be given by some provision of law.

(Syllabus by the Court.)

*Error from County Court, McClain County;*
*W. H. Woods, Judge.*

Action by B. H. Rackley against the City of Purcell. Judg-
ment for defendant, and plaintiff brings error. Affirmed.

*Wadlington & Wadlington,* for plaintiff in error.

*J. W. Hocker,* for defendant in error.

WILLIAMS, J.   This proceeding in error is to review the
judgment of the trial court wherein the plaintiff in error, as
plaintiff, on March 30, 1909, sued the defendant in error, as de-
fendant, to recover the sum of $250 as fees accruing to him as
mayor of the said defendant.   Prior to the erection of the state
the plaintiff was elected to the office of mayor of the defendant
and qualified and acted as such.   The petition in part declares
as follows:

"That prior to the adoption of the Constitution plaintiff's
fees as mayor of said city were $50 per month, or about that
sum; that after the adoption of the Constitution the city of Pur-
cell appointed or elected a police judge, or police magistrate, who
acted in that capacity, and plaintiff for the space of five months
and nine days acted as the qualified acting mayor of said city
without remuneration of any sort, and that said city of Purcell
continued to exist as a *de jure* municipal corporation under the

provision of the Constitution aforesaid, and for the space of five months and nine days plaintiff continued to act as mayor of said city, and that said *de jure* corporation after statehood succeeded to all the rights and its offices thereof as before statehood and the adoption of the Constitution of the state of Oklahoma."

Plaintiff further avers:

" * * * That the public exigencies made it necessary for him to act as mayor as aforesaid, and that the public demanded his services as such, and that his said services were necessary for common preservation of the peace and welfare of said city, and it was a public necessity for plaintiff to perform said duties as mayor of said city. Though plaintiff has often requested the payment for said services as aforesaid, the said defendant refuses to pay plaintiff; that plaintiff's services aforesaid was and is reasonably worth the sum of $250, the same being approximately what plaintiff was receiving before the adoption of the Constitution."

Our attention has neither been called to any statute in force in the Indian Territory prior to the erection of the state or in this state since its erection that authorized such compensation, nor is it contended that any ordinance was in force at the time of the erection of the state that entitled him to recover said compensation.

A party seeking to fasten a claim on a municipality or any political subdivision for services as its officer must point out some provision of law authorizing the same. Unless such provision exists, the party is presumed as a matter of law to have performed such services from a sense of public or patriotic duty without any expectation of compensation. Whilst this rule may seem to work a hardship at times, yet it is salutary. If this safeguard did not exist, too many times raids would be made upon the public treasury and unjust burdens placed upon the taxpayers. It is better that an occasional hardship may fall upon an individual than that a precedent may be established under which the treasury may be filched and unjust burdens imposed upon the taxpayers.

A person acting in the capacity of a public officer is entitled to only such compensation as may be given him by some provision of law. This rule is founded upon a sound public policy and should be rigidly adhered to. *Coggeshall v. Connor,* 31 Okla.

113, 120 Pac. 559, 39 L. R. A. (N. S.) 81, Ann. Cas. 1913D, 577; *Board of County Commissioners of Washita County v. Brett,* 32 Okla. 853, 124 Pac. 57; *State v. Hooker,* 26 Okla. 467, 109 Pac. 527; *Board of County Commissioners v. Twyford, ante,* 134 Pac. 968.

It follows that the plaintiff's petition did not state a cause of action against the defendant, and that the demurrer thereto was properly sustained. The judgment of the lower court is affirmed.

All the Justices concur.