## CITY OF DURANT v. BOWLES et al.

No. 15382—Opinion Filed June 16, 1925.

**Municipal Corporations—Compensation of Mayor as Police Judge—Statutes.**

Under section 4668, Comp. St. 1921, the duties of police judge in cities, designated therein, are imposed upon the mayor without the right to retain the costs, taxed and collected for police judge, as additional compensation to that fixed by ordinance for him as mayor.

(Syllabus by Threadgill C.)

Commissioners' Opinion. Division No. 3.

Error from District Court, Bryan County; Porter Newman, Judge.

Action by City of Durant against Rupert F. Bowles and Massachusetts Bonding & Insurance Company for the recovery of money. Judgment for defendants, and plaintiff appeals. Reversed.

John A. MacDonald and V. B. Hayes, for plaintiff in error.

W. E. Utterback, for defendants in error.

Opinion by THREADGILL, C. The question involved and decisive of this case is whether or not the mayor of a city of the first class, while acting as police judge, is entitled to the fees of a police judge in addition to his salary as mayor.

The parties appear here as plaintiff and defendants as they were in the trial court. The plaintiff was a city of the first class and defendant Bowles was mayor of said city from May 3, 1921 to March 6, 1922, and defendant Massachusetts Bonding & Insurance Company was bondsman for said mayor in the sum of $1,000, conditioned for the faithful performance of his duty as mayor of the city for one year. His salary was fixed at $125 a month, and, by virtue of his office as mayor, he acted as police judge. He held his office till about March 10, 1922, during which time he drew his salary till the month of February and first ten days of March, amounting to $166.66 which was not paid him. As police judge he collected

$1.246 in fines and $640 in costs in cases tried before him for violation of the city ordinances; of this amount he turned into the city treasury $1 004, and he paid out $67.50 for unloading coal for the city, under the approval of the purchasing committee. As to the $166.66, balance due on his salary, and the $67.50, the amount paid out for coal, and the amount of fines and costs collected, there was no dispute. The defendant Bowles further claimed that the city owed him $25 for incidental and telephone expenses, and $400 for attorneys' fees in handling lawsuits for the city, and $200 as court costs in said suits; he also claimed that the $640 collected as costs by him as police judge did not belong to the city. After the issues joined on the items in dispute, the cause was tried to the court and the court after hearing the evidence found as follows:

"That while acting as mayor the said Rupert P. Bowles also acted as police judge for the city of Durant and collected from defendants who were arrested and brought before him as police judge for trial, both as fines and costs, the sum of $1,886, of which amount $640 was taxed as costs, leaving a balance of $1,246 taxed as fines; and that of said $1,246 there was paid by the defendant, Bowles, to the city treasurer. $1,004.00; there was paid by him for the benefit of the city, with the knowledge and approval of the purchasing committee of the council, $67.50 for unloading coal; that the city owed the said defendant, Bowles, the sum of $166.67 salary for the month of February, and one-third of the month of March, 1922; that said sums were legally spent by the said defendant, Bowles; and that he was legally entitled to credit for the total of said sums making $1,238.17; that the city is not entitled to judgment against the said Bowles for the $640 costs in cases which he collected; that the city was entitled to the $1,246.00, which deducted from the $1,238.17, to which the defendant was legally entitled, leaves a balance of $37.83, due the plaintiff, city of Durant."

And the court rendered judgment accordingly for the sum of $37.83. We think there is an error in the figures and the amount should be $7.83, instead $37.83. From this judgment the plaintiff has appealed by petition in error and case-made, and contends that the same is erroneous in refusing to give judgment against the defendant for the $640 costs collected in the police court.

It will be observed that prior to the act of March 15 1913, section 4667, Comp. Stat. 1921, abolishing the office of police judge in cities of less than 12,000 population, the may-

or performed none of the duties of the police judge, which was a distinct office apart from the mayor's office, and the police judge was entitled to certain fees collected as costs in the cases tried before him. After this act all the duties of police judge were merged into the office of the mayor. Section 4668 provides:

"The mayor of such cities as defined by section 1, of this act shall have the same powers as are now possessed by the police judge of such cities and shall perform the same duties as are now imposed on the police judge in addition to all other duties now required by law of such mayor; Provided, however, that the mayor may, if he so desires, appoint some competent person who shall have full power to act and perform all the duties heretofore required by law of the police judge, and who shall be a qualified elector of said city, wherein he is appointed at the time of his appointment."

By the same act of the Legislature, as shown by section 4669, Comp. Stat. 1921, it is provided:

"In all such cities, the city council, by ordinance, is hereby authorized and empowered to consolidate any of the various offices of city government, in addition to that abolished in section one, deemed necessary and convenient for the administration of the public affairs of such cities."

From these sections it appears that the Legislature intended to make the laws creating and regulating the offices of such cities so flexible and easy of adjustment that they could retain the offices and officers and expenses of conducting them or they could reduce them without doing away with the duties involved in them and save the expenses to the city of performing these duties. In abolishing the office of the police judge and making the mayor ex officio judge, it was provided that the mayor could appoint some competent person to perform the duties theretofore required by law of the police judge. In the matter of other officers, they could be retained as provided by statute or merged, in the discretion of the city council. We think one of the necessities, if not the primary necessity, contemplated by the Legislature in making these changes in city government was the matter of economy in conducting such government. An office must have an officer to perform its duties, and the officer must have equipment and remuneration in salary or fees in conducting the office, and if the particular office is abolished and its duties imposed upon an officer of another office, without increasing his compensation and without extra office and equip-

ment expense, the saving might be considerable to the taxpayers of the city. On the other hand if the duties of the office abolished or merged with another office are imposed upon an officer of another office and the compensation of the officer disposed of is given to the officer upon whom the duties are imposed it might be a loss in the matter of efficiency and no gain in economy to the city. We cannot think this was the Legislature's intention, but it was rather intended to make less agents, in doing the work of the government, by increasing burdens on other officers on whom the duties are imposed, and thereby save the expense and fees to the taxpayers of the city.

Section 4515, Comp. Stat. 1921, provides:

"The compensation of all city officers shall be fixed by ordinance, except as otherwise provided by law."

In the case of Johnston v. Carrico et al., 38 Okla. 804, 135 Pac. 11, it was held that where the statute fixed the compensation of city officials the same could not be reduced or raised by an ordinance of the city. The court quotes the general rule stated by Dillon on Municipal Corporations (5th Ed.) section 422, as follows:

"There is no such implied obligation on the part of a municipal corporation, and no such relation between them and officers which they are required by law to elect, as will oblige them to make compensation to such officers, unless the right to it is expressly given by law, ordinance, or by contract. Officers of the municipal corporation are deemed to have accepted the office with knowledge of, and with reference to, the provisions of the charters or incorporating statute, relating to the services which they may be called upon to render, and the compensation provided therefor."

At the time plaintiff was elected mayor of the city of Durant the sections of the statute above quoted were in force, also an ordinance passed February 13, 1917, fixing the mayor's salary at $125 per month and added to his duties those of street commissioner, and we find no other provisions of law for compensating the plaintiff, as mayor of the city, for his services. The statutes defined the duties as mayor and police judge without fixing any compensation, but expressly provided that this should be done by ordinance of the city council, and the council, by ordinance, added the duties of street commissioners, and fixed the salary at $125 per month, and we must, therefore, hold that this salary was all the compensation he was entitled to in performing all the duties imposed upon him by law and ordinances of the city, and the costs collected by him as police judge, after paying the ministerial officers of the court, belonged to the city, and should have been turned into the city treasurer. Moore et al. v. Nation (Kan.) 103 Pac. 107, 23 L. R. A. (N. S.) 1123; Board of County Commissioners of Creek County v. Bruce et al., 51 Okla. 541, 152 Pac. 125; Shelton et al. v. State, 62 Okla. 105, 162 Pac. 224.

Defendants contend that although the ordinance fixed the salary of the mayor at $125 a month and the law imposed upon him the duties of the police judge, still since the statute, section 4651, requiring police judges to report all fines collected separate from the costs, less costs the police judge and city marshal were entitled to, in cases where the defendants were acquitted or discharged, that this applies to the mayor, where he acts as police judge, and implies that the costs collected for the police judge belonged to the mayor, and he is not required to turn them in to the treasurer. We do not think this statute is applicable to the mayor in the matter of how he should report fees collected as police judge. If he were to appoint someone to perform the duties of police judge, under section 4668 this provision of the statute might be made applicable to the latter, but when the mayor performs the duties of the office himself and his compensation is fixed by ordinance, and not otherwise, and the ordinance fixing his compensation gives him no part in costs collected, in performing the duties of the police judge, it is his duty to make the report and turn in the money collected in conformity to this statute, except he cannot hold out any of the costs for himself.

The record is not clear as to whether or not the $640, as the costs collected by defendant, consisted of items taxed as costs for the city marshal and items taxed as costs for the police judge. This being the state of the record we are not able to say whether the trial court was right or not in holding that the plaintiff was not entitled to recover the $640. In order to recover the $640, or any part of it the plaintiff must show by the evidence that the whole of it, or a part of it, was costs that were taxed or should have been taxed for services as police judge.

We are, therefore, of the opinion that the cause should be reversed for a new trial, and the same should be proceeded with in

accordance with the views above expressed.

By the Court: It is so ordered.