## CITY OF TULSA v. MELTON.

No. 26553. Jan. 28, 1936.

H. O. Bland, Milton W. Hardy, E. M. Gallaher, and Carl Ravis, for plaintiff in error.

Chas. W. Wortman and Wm. J. Melton, for defendant in error.

GIBSON, J. This action was commenced in the court of common pleas of Tulsa county by defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover salary due him as municipal judge.

The facts in the case are virtually undisputed. Plaintiff was appointed to the office in question on May 3, 1932, by action of the

mayor and board of commissioners of the defendant city, and served in that capacity for approximately two years. By informal agreement between plaintiff and some or all of the commissioners, his salary was placed at $225 per month. There was, however, at no time a formal act, resolution, or ordinance fixing said salary. The first pay roll for the municipal court submitted to the board for approval after plaintiff assumed office included an item for $90 listed under plaintiff's name and representing his salary for the first twelve days of his incumbency. This pay roll was approved by the board, and plaintiff received payment of the $90 item. The payment was calculated on the basis of $225 per month. Thereafter, all salary payments were made at a rate less than $225, and were accepted by plaintiff without formal protest being lodged with the board of commissioners. Plaintiff. however, did object to the reduced salary payments to certain commissioners and others not in authority. Plaintiff brings this action for the difference between the sum he received and the amount he would have received at $225 per month.

Defendant's answer is that no sum, as required by law, was ever fixed by the mayor and city commissioners, pleads laches, and alleges waiver on plaintiff's part in that he assented to and acquiesced in the salary as received by him by accepting warrants therefor without proper objection to the alleged reduction and without protest.

The trial court overruled defendant's demurrer to the evidence, and at the conclusion of the trial directed verdict for plaintiff. These rulings are assigned here as error.

Defendant says that since no salary was ever fixed, as required by law, for the plaintiff as corporation judge, the plaintiff has no legal right to additional compensation. Section 2. art. 4. of the charter of defendant city provides that the judge of the municipal court (sometimes referred to as corporation judge in the briefs) shall serve for a period of one year and shall receive for his services "such salary as may be fixed by the board of commissioners, which salary shall not be increased or diminished during his term of office." Pertaining to compensation, subdivision 2, sec. 2, art. 4, charter, contains approximately the same provision. Subdivision 5. sec. 2, art. 4, of the charter provides as follows:

"The city attorney and judge of the corporation court shall each serve for the period of one year. The city attorney and the judge of the corporation court sha'l receive such compensation as may be fixed by the board of commissioners at the beginning of their terms, and such compensation shall not be increased or diminished during such terms."

The statutes here to be considered are sections 6355 and 6516, O. S. 1931. Section 6355 provides as follows:

"The compensation of all city officers shall be fixed by ordinance, except as otherwise provided by law."

Section 6516 provides:

"The board of commissioners of the city, or city council, is hereby empowered to appoint one or more judges of said municipal criminal court, * * * and to fix and determine the compensation to be allowed said judges. * * * The term for which the judge and clerk of said court shall be appointed shall be two years."

Said section 6516 was section 3 of chapter 199, S. L. 1919. Said chapter 199 was an act creating the "municipal court." fixing its jurisdiction and duties. According to the record and briefs herein, the Tulsa court was operating under the provisions of this statute and the city charter.

In the case of Anderson v. Board of Commissioners, 44 Okla. 164, 143 P. 1145, we held:

"Before an officer in this state is entitled to draw money from the public treasury for fees or compensation, he must be able to point out statutory authority for its payment to him."

And in Rackley v. City of Purcell, 40 Okla. 186, 137 P. 100, it was held:

"A person acting in the capacity of a public officer of a municipality is entitled to only such compensation as may be given by some provision of law."

This rule controls the particular question here involved. If no provision of law fixing plaintiff's compensation existed at the time his services were performed, he is not entitled to prevail in this action. The decisions of this court are uniformly to that effect. Board of Commissioners of Washita Co. v. Brett, 32 Okla. 853, 124 P. 57; Ticer v. State, 35 Okla. 1, 128 P. 493; City of Durant v. Bowles, 110 Okla. 258, 237 P. 572; Board of Commissioners v. Young, 171 Okla. 161, 42 P. (2d) 281.

Chapter 199, S. L. 1919, supra (sec. 6516, supra), plaintiff contends, repealed section 6355, requiring an ordinance in fixing salaries of municipal officers. The 1919 act does repeal all acts in conflict therewith, but section 6355 cannot be said to be in conflict

with that act. The 1919 law authorizes the city commissioners to fix compensation of the municipal judge, but does not prescribe the mode of procedure to be followed by the board in fixing such compensation. It leaves the board free to act in accordance with existing laws, either those fixed by statute or by the charter, depending upon which would control. However, under the circumstances of this case, it becomes unnecessary for us to determine that question.

The plaintiff's contention is that the approval by the board of the pay roll wherein his compensation theretofore earned was approved at the rate of $225 per month was sufficient to fix the rate thereof for the remainder of his term. We are not advised concerning the provisions of the city charter relating to the required procedure in fixing municipal salaries, whether such may be done by ordinance or by resolution. In any event, no salary was fixed for plaintiff at the beginning of his term, as required by subdivision 5. section 2, art. 4, of the charter. The act of the board above referred to accomplished nothing more than to pay compensation for services already performed. Such action of the commissioners did not "fix and determine the compensation to be allowed," as provided by the 1919 statute, section 6516, O. S. 1931, supra. At no time, as plaintiff performed his official duties, did there exist a statute, ordinance, or resolution fixing the amount of compensation to be received by him. He is entitled to only such compensation as may be given by some provision of law. No such provision of law has been pointed out in this action.

Contrary to p'aintiff's contention, a municipality may not be held on implied contract to pay compensation to a public official. The right to compensation in such cases is founded upon some provision of law and not upon contract. Rackley v. Purcell, supra.; City of Durant v. Bowles, supra. There exists no provision of law authorizing such contract. If a contract did in fact exist, it could not be enforced. See Board of Commissioners of Washita Co. v. Brett, supra.

The agreement as to salary entered into between the plaintiff and the separate commissioners outside regular meeting of the board was not the action of the board of commissioners, and, assuming that such a contract could be legally entered into, no validity attached to such contract so made. 19 R. C. L. 884, n. 2. We are unable to agree with plaintiff's contention to the contrary. However, we have herein held that compensation of a public official is not based on contract, but upon some provision of law.

In view of the foregoing, it becomes unnecessary for us to consider other errors complained of. We are of the opinion that the trial court erred in overruling defendant's demurrer to the evidence, and for that reason the judgment should be reversed.

The judgment is reversed and the cause remanded, with directions to enter judgment for defendant.

McNEILL, C. J., and BAYLESS, WELCH. and CORN, JJ., concur.