Arthur MEYER, Plaintiff,

v.

Laton L. DOTY, Defendant.

No. 40410.

Supreme Court of Oklahoma.

Jan. 22, 1963.

Holly Anderson, Tulsa, for plaintiff.

James L. Sontag, Nowata, for defendant.

BERRY, Justice.

On December 18, 1962, Lloyd C. Colter died. At the time of his death he was the duly elected, qualified and acting County Attorney of Nowata County, Oklahoma. At said time and since, there was no person acting as Assistant County Attorney.

On December 21, 1962, defendant, who is the duly elected, qualified and acting District Judge for the 11th District Court Judicial District, which embraces Nowata County, appointed Glenn H. Chappell to act as County Attorney of said County. Mr. Chappell promptly qualified as County Attorney and has since asserted right to that office.

On December 28, 1962, the Board of County Commissioners of Nowata County appointed plaintiff to the office of County Attorney of said County. On that date he qualified for the office and thereafter asserted the right to serve as County Attorney.

As a result of such assertion on plaintiff's part, defendant, on December 28, 1962, promulgated an order enjoining plaintiff from acting as or performing the duties of the office of County Attorney.

On January 3, 1963, plaintiff caused the instant proceeding to be instituted in this Court. The purpose of the proceeding is to prohibit defendant from enjoining or otherwise interfering with the right asserted by plaintiff to act as and perform the duties of the County Attorney of Nowata County.

On January 5, 1963, this Court entered an order granting the relief requested by plaintiff. This Court, appreciating that the issue posed by this proceeding is one of public interest, then made known that an opinion treating therewith would be promulgated.

All parties agree that defendant's action in appointing Mr. Chappell as County Attorney was valid and that he properly served as County Attorney until plaintiff qualified. It is further agreed that the appointment by defendant and that of the Board of County Commissioners was for Mr. Colter's unexpired term which will expire this month. They also agree that Mr. Chappell and plaintiff are each eligible to serve as County Attorney. The parties are in disagreement as to whether Mr. Chappell or plaintiff should serve as County Attorney from and after plaintiff qualified.

As indicated, the sole issue presented by the pleadings is whether power and authority rested in the Board of County Commissioners to appoint plaintiff as County Attorney notwithstanding the prior appointment of Mr. Chappell to that office by defendant.

■ Defendant relies upon a 1957 Act (S.L.1957, p. 113) which was codified as 19 O.S.1961 § 187. The Act reads thusly:

"The district court, whenever there shall be no county attorney or assistant county attorney for the county, or when the county attorney and assistant county attorney shall be absent from the court, or unable to attend to the duties of the office, or disqualified to act may appoint, by an order to be entered in the minutes of the court, some suitable person of the county, if one is available and will serve as such, to perform for the time being the duties required by law to be performed by the county attorney, and the person so appointed shall thereupon be vested with all the powers of such county attorney for that purpose. Such attorney shall be paid a reasonable compensation for his services by the county for which he is so appointed."

'As we read the cited statute, it was intended that where there was "no county attorney or assistant county attorney", as here, or where the county attorney or his assistant were for any reason unable to function as such, the district court was privileged to appoint a suitable person to "serve as" county attorney and "perform for the time being the duties required by law to be performed by the county attorney". Therefore, that it was intended that the district court appoint a suitable person to serve for the time being as county attorney and not that said court should have authority to appoint a person as county attorney who would serve as such during the remainder of the term of the county attorney in whose stead he was appointed.

 If the quoted act be considered as ambiguous, which we do not believe to be the case, then the title to the Act may be considered. The title reads as follows:

"AN ACT providing, under certain conditions, for the appointment by the district court of a substitute county attorney; further providing for compensation for such substitute; amending 19 O.S.1951, § 187; and declaring an emergency."

Use of the word "substitute" in the title tends to sustain that which is said in the foregoing paragraph.

We are of the opinion that under the provisions of 51 O.S.1961 §§ 8 and 10 it is the exclusive province of a Board of County Commissioners to appoint a person to the office of County Attorney. In making said statement we do not wish to be understood as implying that a district court cannot, in a proper case, appoint a substitute county attorney or a person so appointed would not continue to serve as such until his successor is chosen or the office of county attorney is filled by proper appointment made by the Board of County Commissioners.

It is provided in part in Sec. 8, supra, that death of an incumbent creates a vacancy in his office. As to county offices, it is provided in Sec. 10, supra, that vacancies in such offices shall be filled by appointments made by the Board of County Commissioners of the affected county.

We are of the opinion that it was the privilege of the Board of County Commissioners to appoint plaintiff to the office of County Attorney; that upon that appointment being made and plaintiff qualifying for the office of County Attorney, it was his privilege and duty to serve as such during the remainder of Mr. Colter's unexpired term.

For reasons stated, it is ordered that defendant vacate the order enjoining plaintiff from acting as and performing the duties of County Attorney and that he otherwise recognize the validity of the action of the Board of County Commissioners in appointing plaintiff as County Attorney of Nowata County for Mr. Colter's unexpired term.

Writ granted.