TEMPORARY APPOINTMENT OF SPECIAL JUDGE TO ASSOCIATE DISTRICT JUDGE A temporary appointment of a Special Judge as an Associate District Judge by a Presiding Judge of an administrative judicial district does not create a vacancy in the office of the Special Judge appointed. A Special Judge temporarily assigned to act as an Associate District Judge will receive his compensation as provided for as a Special Judge. The Attorney General has had under consideration your recent letter wherein you, in effect, state and ask the following: An Associate District Judge of Grady County retired on August 1, 1970. The vacancy was reported to the Governor's office, and the Governor referred the matter to the Presiding Judge of the judicial administrative district. In accord with Title 20 O.S. 122 [20-122](b) (1969), as amended, the Presiding Judge appointed a Special Judge of Grady County to hold the office as Associate District Judge until an Associate District Judge was appointed or elected. Question 1: Does the appointment of the Special Judge to hold the office of Associate District Judge create a vacancy in the office of the appointed Special Judge? Question 2: Will the Special Judge appointed to hold the office of District Judge be paid at the rate of a Special Judge or an Associate District Judge? To answer the first question, we must determine the status of the occupancy of the Associate District Judge's office by the Special Judge. Listed below are the constitutional provisions, Supreme Court rule and statutory provisions relevant to this determination. The listing is categorically arranged by association for the convenience of presentation. A. Temporary Assignment 1. Article VII, Section 6 Oklahoma Constitution: "Except with reference to the Senate sitting as a Court of Impeachment and the Court on the Judiciary, general administrative authority over all courts in this State, including the temporary assignment of any judge to a court other than that for which he was selected, is hereby vested in the Supreme Court and shall be exercised by the Chief Justice in accordance with its rules. . ." (Emphasis added) 2. Title 20 O.S. 122 [20-122](b) (1969), as amended: "If a vacancy occurs in the office of associate district judge, or if an associate district judge becomes unable to perform the duties of his office, as determined by the Presiding Judge of the Judicial Administrative District, a special judge may be appointed within the Judicial Administrative District to hold office for the duration of said vacancy or incapacity. After the vacancy is filled, or after the associate district judge becomes able to perform the duties of his office, the special judge shall have the power to act in regard to any case which he has already tried, but the Presiding Judge of the Judicial Administrative District may transfer such a case to any other judge in the Judicial Administrative District." (Emphasis added) 3. Title 20 O.S.Supp. 1969, ch. 1, App. 2, Rule 3, provides in relevant part: "All orders of the Presiding Judge consigning judges and court officials to a court other than that which they are regularly serving shall be made only at the request of a district judge and on showing of good cause. A district judge may assign temporarily an associate district judge or a special judge to another court of which he is in charge as Chief Judge, but such order of assignment shall require prior approval of the Presiding Judge. Temporary assignments may be made for a single case, for multiple cases, from one date to another fixed date, or specified days of the week of the month. . ." (Emphasis added) B. Filling Vacancies 1. Article VII, Section 8(f) Oklahoma Constitution: "The terms of District Judges and Associate District Judges shall be for four years commencing on the second Monday of January in 1971 and vacancies shall be filled in the manner provided by law." (Emphasis added) 2. ArticleVI, Section 13 Oklahoma Constitution: "The Governor shall commission all officers not otherwise commissioned by law. All commissions shall run in the name and by the authority of the 'State of Oklahoma', be signed by the Governor, sealed with the Great Seal of the State of Oklahoma, and attested by the Secretary of State. When any office shall become vacant, he shall, unless otherwise provided by law, appoint a person to fill such vacancy, who shall continue in office until a successor shall have been duly elected or appointed, and qualified according to law." (Emphasis added) 3. Title 51 O.S. 10 [51-10] (1969), provides in relevant part: "When a vacancy occurs in the office of District Judge, Associate District Judge, or Judge of any intermediate Appellate Court, the Governor may, in filling such vacancy utilize the services of the Judicial Nominating Commission in the manner as provided for in the filling of Judicial Offices under Section 4, Article 7B, of the Oklahoma Constitution, and the members of Judicial Nominating Commission shall be paid their necessary expenses as provided for by law." (Emphasis added) 4. Title 20 O.S. 1102 [20-1102] (1969), as amended, provides in relevant part: "Upon approval by the Governor of an election of any justice or judge to retire or as authorized by this act, the office held by such justice or judge shall become vacated immediately or at the specified time within his term, or at the expiration of his term in accordance with the election of the judge desiring retirement status, and any such vacancy so created shall be filled in the manner provided by law and the Constitution." (Emphasis added) The case of Meyer v. Doty, Okl., 378 P.2d 309 (1963), involved a situation closely related to your first question. In that case, the sole issue presented by the pleadings was whether the power and authority was in the Board of County Commissioners to appoint Meyer as County Attorney notwithstanding the prior appointment of Chapel to that office by the District Judge. The particular statute involved in that case was 19 O.S. 187 [19-187] (1961), which read as follows: "The district court, whenever there shall be no county attorney or assistant county attorney for the county, or when the county attorney and assistant county attorney shall be absent from the court, or unable to attend to the duties of the office, or disqualified to act may appoint, by an order to be entered in the minutes of the court, some suitable person of the county, if one is available and will serve as such, to perform for the time being the duties required by law to be performed by the county attorney, and the person so appointed shall thereupon be vested with all the powers of such county attorney for that purpose. Such attorney shall be paid a reasonable compensation for his services by the county for which he is so appointed." In reading 19 O.S. 187 [19-187] (1961), the Supreme Court of Oklahoma stated: "As we read the cited statute, it was intended that where there was 'no county attorney or assistant county attorney', as here, or where the county attorney or his assistant were for any reason unable to function as such, the district court was privileged to appoint a suitable person to 'serve as' county attorney and 'perform for the time being the duties required by law to be performed by the county attorney'. Therefore, that it was intended that the district court appoint a suitable person to serve for the time being as county attorney and not that said courts should have authority to appoint a person as county attorney who would serve as such during the remainder of the term of the county attorney in whose stead he was appointed. ". . . . "We are of the opinion that under the provisions of 51 O.S. 8 [51-8] and 51 O.S. 10 [51-10] (1961), it is the exclusive province of a Board of County Commissioners to appoint a person to the office of County Attorney. In making said statement we do not wish to be understood as implying that a district court cannot, in a proper case, appoint a substitute county attorney or a person so appointed would not continue to serve as such until his successor is chosen or the office of county attorney is filled by proper appointment made by the Board of County Commissioners. "It is provided in part in Sec. 8, supra, that death of an incumbent creates a vacancy in his office. As to county offices, it is provided in Sec. 10, supra, that vacancies in such offices shall be filled by appointments made by the Board of County Commissioners of the affected county." The provisions of Article VII, Section 6 Oklahoma Constitution, 20 O.S. 122 [20-122](b) (1969), as amended, and Rule 3 of the Supreme Court are intended to apply in said situations where there is in fact a temporary vacancy in the office of an Associate District Judge, and not in those cases where the incumbent is permanently absent, disqualified, or incapacitated. In the latter situations, Article VII, Section 8(f) Oklahoma Constitution, ArticleVI, Section 13 Oklahoma Constitution, Title 51 O.S. 10 [51-10] (1969, and 20 O.S. 1102 [20-1102] (1969), as amended are applicable. Therefore, it is the opinion of the Attorney General your first question should be answered in the negative in that a temporary appointment of a Special Judge as an Associate District Judge by a Presiding Judge of an administrative judicial district does not create a vacancy in the office of the Special Judge appointed. In City of Tulsa v. Melton, 175 Okl. 581, 54 P.2d 159, 160 (1936), wherein the plaintiff in error was seeking to recover a salary as a Municipal Judge the Supreme Court stated: "In the case of Anderson v. Board of Commissioners of Grant County,44 Okl. 164, 143 P. 1145, we held: 'before an officer in this state is entitled to draw money from the public treasury for fees or compensation, he must be able to point out statutory authority for its payment to him." See also, Board of Com'rs v. Twyford, 39 Okl. 230, 134 P. 968
(1913); Rackley v. City of Purcell, 40 Okl. 186,137 P. 100 (1913); and Shelton v. State, 62 Okl. 105, 162 P. 224
(1917). The Legislature did provide compensation for services of Special or Temporary County Judges in 20 O.S. 292 [20-292] (1953), as follows: "In every county of this State having a special or temporary county judge or county judge pro tempore who has been elected or selected pursuant to provisions of 22 O.S. 571 [22-571] — 22 O.S. 573 [22-573] (1951), or 20 O.S. 289 [20-289] — 20 O.S. 291 [20-291] (1951), shall be entitled to receive out of the court fund of the county a compensation for his services as such special or temporary county judge or county judge pro tempore equal in amount to 1/360th of the annual salary of the regular county judge of the county for each day or fractional part of a day in which he may be actually engaged in serving as such judge in the trial of any case in the county court or in hearing motions, demurrers, or pleas or making orders before or after trial." (Emphasis added) In O.S.L. 1961, ch. 6a, 2, the Legislature repealed 20 O.S. 292 [20-292] (1953), and the only provision within the Session Law providing for payment to an assigned or temporary judge was for traveling expenses where the place of duty was away from home. Presently, neither the Oklahoma Constitution nor Statutes have provisions allowing the payment of compensation to a judge temporarily appointed except as provided for traveling expenses or per diem. In summation, it appears that before a person is entitled to fees or compensation from a public treasury as an officer he must be able to point out statutory authority for its payment. In the past, there was a provision allowing the payment of compensation to a special or temporary county judge, but this statute has been repealed. Nowhere is there presently any constitutional or statutory provision authorizing the payment of compensation to a special judge temporarily assigned as an Associate District Judge. It is therefore the further opinion of the Attorney General a Special Judge temporarily assigned to act as an Associate District Judge will receive his compensation as provided for as a Special Judge. (MARVIN E. SPEARS)