OSCN Found Document:Question Submitted by: The Honorable Collin Duel, Oklahoma House of Representatives, District 31

 

 
 Question Submitted by: The Honorable Collin Duel, Oklahoma House of Representatives, District 312026 OK AG 2Decided: 02/17/2026OKLAHOMA ATTORNEY GENERAL OPINIONS
Cite as: 2026 OK AG 2, __ P.3d __

 

ATTORNEY GENERAL OPINION

¶0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following question:

In the event of a vacancy in the office of associate district judge, does title 20, section 122(3) of the Oklahoma Statutes permit a special judge to be appointed by the presiding judge of the judicial administrative district to temporarily serve as associate district judge until the vacancy is filled?

I.
SUMMARY

¶1 A special judge may be appointed to temporarily fill the vacancy in the office of associate district judge in accordance with title 20, section 122(3) of the Oklahoma Statutes. A.G. Opinion 1970-274 (1970 OK AG 274) (the "1970 Opinion") is hereby overruled to the extent it conflicts with this Opinion.

II.
BACKGROUND

¶2 Article VII, section 8(d) of the Oklahoma Constitution provides that each county in Oklahoma shall have at least one associate district judge. Section 8(d) also vests the "exercise [of] all jurisdiction in the District Court except as otherwise provided by law" in district judges and associate district judges. Additionally, section 8(g) requires an associate district judge to be "an attorney licensed to practice in the State of Oklahoma and an elector at the time of filing." Section 8(g) further allows the Legislature to adopt other qualifications for the office of associate district judge. Associate district judges serve four-year terms, and, relevant here, vacancies in the office of associate district judge "shall be filled in the manner provided by law." OKLA. CONST. art. VII, § 8(f).
At issue in this opinion is title 20, section 122(3) of the Oklahoma Statutes, which states:

If a vacancy occurs in the office of associate district judge, or if an associate district judge becomes unable to perform the duties of his or her office, as determined by the presiding judge of the judicial administrative district, a special judge may be appointed within the judicial administrative district to hold office for the duration of such vacancy or incapacity. After the vacancy is filled, or after the associate district judge becomes able to perform the duties of his or her office, the special judge shall have the power to act in regard to any case which he or she has already tried . . . .

¶3 This language has largely been unchanged since 1968 despite numerous reorganizations of section 122.

¶4 Relevant to your request, in 1970, the office issued A.G. Opinion 1970-274 (1970 OK AG 274) addressing two questions: (1) whether the temporary assignment of a special judge to the office of associate district judge created a vacancy in the office of the special judge, and (2) whether the special judge serving temporarily as the associate district judge entitled him or her to the salary of an associate district judge. The opinion concluded that (1) the special judge's temporary appointment to the office of associate district judge did not create a vacancy in the office of special judge, and (2) the special judge would receive his or her special judge salary during his or her temporary appointment. Despite reaching these straightforward conclusions, the opinion included the following excerpt specifying which situations to which section 122 would apply:

The provisions of Article VII, § 6, Oklahoma Constitution, 20 O.S. Supp. 1969, § 122(b), as amended, and Rule 3 of the Supreme Court are intended to apply in said situations in which there is in fact a temporary vacancy in the office of Associate District Judge, and not in those cases in where the incumbent is permanently absent, disqualified, or incapacitated.

¶5 1970 OK AG 274. The opinion continued, indicating that in cases of permanent absence, disqualification, or incapacitation, the associate district judge must be replaced in a manner authorized by law. 1 The language in the excerpt gave rise to your request.

¶6 At its core, your request requires this office to critically examine the 1970 Opinion's accuracy. This office now concludes that a special judge may temporarily fill the office of the associate district judge in the event of any vacancy described in title 51, section 8 of the Oklahoma Statutes, including those in which the incumbent is permanently absent, disqualified, or incapacitated.

III.
DISCUSSION

¶7 As set forth above, a special judge may be appointed (temporarily) to act as the associate district judge. 20 O.S.2021, § 122Id. The special judge may serve as the acting associate district judge "for the duration of such vacancy or incapacity." Id.

¶8 Oklahoma law states what events create a vacancy. See 51 O.S.2021, § 8

(1) Death or resignation of the officer.
(2) The officer's removal from office or failure to qualify.
(3) A final judgment obtained against an officer for breach of his or her official bond.
(4) The officer ceases to be a resident of the state, county, township, city or town, or of any district thereof, in which official duties are to be exercised or for which the officer has been elected or appointed.
(5) A final conviction in a state or federal court of competent jurisdiction of any felony or any offense involving the violation of the officer's official oath.
(6) Entering a plea of guilty or nolo contendere in a state or federal court of competent jurisdiction for any felony or any offense involving a violation of the officer's official oath.

¶9 Id. Citing Meyer v. Doty, 1963 OK 5378 P.2d 309Meyer does not support such a conclusion. In Meyer, the court found that the county attorney's death resulted in a vacancy under title 51, section 8 of the Oklahoma Statutes. Faced with dueling appointments to fill the position by the district judge and the board of county commissioners, the court held that the board of county commissioners' appointee was the proper individual to fill the county attorney's unexpired term. Meyer, ¶¶ 13--15, 378 P.2d at 311. However, the court also determined that the district judge may appoint a "substitute" to temporarily fill the office until "filled by proper appointment." Id. ¶ 12, 378 P.2d at 311.

¶10 Crucially, title 20, section 122(3) used the word "vacancy" generally and did not specify what vacancy events were applicable. Therefore, the office now relies on title 25, section 2 of the Oklahoma Statutes. "Whenever the meaning of a word or phrase is defined in any statute, such definition is applicable to the same word or phrase wherever it occurs, except where a contrary intention plainly appears." Id. Section 122(3) offers no clear contrary intention. As a result, section 122(3) may be invoked if any vacancy event described in title 51, section 8 arises.

¶11 Section 122 unequivocally establishes that a special judge's service as the acting associate district judge is temporary. The special judge's service is "for the duration of such vacancy or incapacity." 51 O.S.2021, § 122Id. Regardless, "the presiding judge of the judicial administrative district may transfer such a case to any other judge in the judicial administrative district." Id. Inevitably, the four-year term authorized under article VII, section 8(f) of the Oklahoma Constitution will expire. If a special judge wants to be considered for the office of associate district judge once a vacancy is determined, he or she must follow the process for appointment or election under Oklahoma law. See OKLA. CONST. art. VII-B, § 4; 51 O.S.2021, § 1026 O.S.2021, §§ 5-102

¶12 It is, therefore, the official Opinion of the Attorney General that:

Under title 20, section 122(3) of the Oklahoma Statutes, a special judge may be appointed to temporarily fill a vacancy in the office of the associate district judge until the office is filled through the process in title 51, section 10(B) of the Oklahoma Statutes. To the extent that A.G. Opinion 1970-274 (1970 OK AG 274) conflicts with this opinion, it is hereby overruled.

GENTNER DRUMMONDATTORNEY GENERAL OF OKLAHOMA

THOMAS R. SCHNEIDERDEPUTY GENERAL COUNSEL

FOOTNOTES

1 To support its argument, A.G. Opin. 1970-274 generally cited to article VII, section 8(f) of the Oklahoma Constitution (district court vacancies are to be filled in accordance with applicable law); article VI, section 13 (the Governor's appointment power of officers); title 51, section 10 of the Oklahoma Statutes (the Governor shall use the services of the Judicial Nominating Commission to fill district court and Court of Civil Appeals vacancies); and title 20, section 1102 of the Oklahoma Statutes (judicial vacancies are to be filled in a manner prescribed by the Oklahoma Constitution).